## GRISWOLD *against* JOHNSON.

Where *A.* devised to *B.* and *C.*, his sons, a tract of land, lying *Easterly* of a certain brook, "to be equally divided between them for quantity and quality, and *B.* to have the part next the brook ;" it was held, that such devise vested in the devisees a tenancy in common.

A deed, by one tenant in common, of part of the common estate, describing it by metes and bounds, is void.

This was an action of ejectment ; tried at *New-London, Oc-tober* term, 1823, before *Peters,* J.

The plaintiff claimed title, by virtue of a deed from *Charles Griswold,* administrator *de bonis non* with the will annexed of *Dyar Throop,* deceased. In support of the title of *Dyar Throop,* the plaintiff produced the will of his father, Rev. *Benjamin Throop,* deceased, containing the following devise : " To my two sons, *Dyar* and *Benjamin,* I give and bequeath to them, and their heirs and assigns, that part of my farm which lies *Easterly* of *Wolf-swamp* brook to be equally divided between them, for quantity and quality ; and that my son *Dyar* have the part next the brook ; upon the consideration that they bear their proportion with my other son, *William,* in paying what debts and legacies my personal estate will not answer, if any there be." That part of the farm, which lay *Easterly* of *Wolf-swamp* brook, was a tract of about thirty-seven acres ; and the administrator's deed to the plaintiff contained about seventeen acres of that part of such tract lying next adjoining the brook, including the demanded premises, and described the land, which it purported to convey, by metes and bounds. The plaintiff claimed, and adduced evidence to prove, that such land was one half in quantity and quality of the tract of thirty-seven acres. He also claimed, that *Dyar Throop* took such land, under the devise, as an estate in severalty. The judge instructed the jury, that *Dyar* and *Benjamin,* under the devise, took the tract lying *Easterly* of the brook, as tenants in common ; and that the deed, as it embraced but a part of such common estate, describing it by metes and bounds, was void, and conveyed no title whatever to the plaintiff.

The defendant claimed, and adduced evidence to prove, that *Dyar* refused to take any of the land under the devise. The plaintiff insisted, that admitting such refusal, *Dyar's* part thereupon became intestate estate, and he became vested with an interest therein, as tenant in common with the other heirs of the testator ; and that the administrator's deed to the plaintiff,

Griswold
*v.*
Johnson.

New-London,
July,
1824.

whether it contained the whole or a part of the common estate, conveyed the whole of *Dyar's* common interest in the land described in that deed,  The judge instructed the jury, that if the deed embraced any quantity of the common estate  less than the whole, describing it by metes and bounds, such conveyance was in law null and void.

The jury returned a verdict for the defendant ; and the plaintiff moved for a new trial, for a misdirection.

*Gurley* and *C. Perkins*, in support of the motion,  contended, 1. That *Dyar* and *Benjamin*, under the devise, took each an estate in severalty, and not a tenancy in common.    The testator contemplated a division of  the tract *East* of the brook  into two parts ; one of which, *viz.* the  one next the brook, was  to be *Dyar's*, and the other *Benjamin's*.   The will did not specify the dividing line ; but it furnished a rule, by which that line might be ascertained,   At any rate, *Dyar* was  to  be the sole owner of the part next the brook ;  and *Benjamin* was to be the sole owner of the other.    *Dyar* had no  right to the  possession of the part fartherest from  the brook ;  and *Benjamin*  had no right to the possession of the  part next the brook.    There was, then, no unity of possession, or  right of  possession, pervading the whole tract ;  which is essential to  a tenancy  in  common. 2 *Bla. Comm.*  191, 2. *Right* d. *Compton & al.* v.  *Compton*, 9 *East* 267.

2.  That if the estate devised was a tenancy in  common,  still a conveyance, by one tenant in  common, of  a part of  the undivided land, describing it by metes and bounds, may be effected. [Upon an intimation from the Chief Justice, that this point had been settled the other way, it was not farther pressed.]

*H. Strong*, contra,  insisted, 1.  That by  the will, *Dyar*  and *Benjamin* were  tenants in  common of all the land  devised to them ; there not being any part of it, which either of them could claim exclusively as his own.   The testator  evidently  contemplated a partition to be made after the estate  should  become vested in the devisees.

2.  That the deed given by *Dyar's* administrator to the plaintiff, was void,  being of a part  only of the common  estate, described  by  metes and  bounds.   *Hinman* v.  *Leavenworth*, 2 *Conn. Rep.* 244. n.  *Starr* v.  *Leavitt*, 2 *Conn. Rep.* 243. *Mitchell* v. *Hazen*, 4 *Conn. Rep.* 495.  *Porter* v. *Hill*, 9 *Mass. Rep.* 34.

HOSMER, Ch. J. The plaintiff claims title by deed from *Charles Griswold*, the administrator *de bonis non*, with the will annexed, of *Dyar Throop*, deceased, The Rev. *Benjamin Throop* made his last will, devising to his sons, *Dyar* and *Benjamin*, a tract of land, of which the premises demanded is part, in manner following : " To my two sons, *Dyar* and *Benjamin*, I give and bequeath to them, their heirs and assigns, that part of my farm which lies *Easterly* of *Wolf-swamp* brook, to be equally divided between them for *quantity and quality, and that my son Dyar have the part next the brook*." The above tract contained thirty-seven acres, and the aforesaid administrator, duly authorised by the court of probate, gave to the plaintiff a deed of seventeen acres thereof, by metes and bounds, of that part of said land, which lies next adjoining the brook aforesaid. The plaintiff insists, that *Dyar Throop*, under the aforesaid devise, took the land described in the above deed, as an estate in severalty ; while the defendant urges, that the said *Dyar* and *Benjamin* had title to the aforesaid land, *East* of the brook, as tenants in common. The court charged the jury in conformity with the defendant's claim ; and that if the said deed embraced any quantity of said common estate, less than the whole, by metes and bounds, such conveyance in law was null and void.

Whether the charge of the court was correct, depends on the answer which the law gives to two questions, namely ; was the estate in question devised in common to *Dyar* and *Benjamin ;* and if so, was the deed invalid.

1. Tenants in common are such as hold by unity of possession, because none knoweth his own severalty, and they occupy promiscuously. *Co. Litt.* sec. 292, 2 *Bla. Comm.* 191. The infallible criterion of this species of estate, is, that no one knoweth his own severalty ; and hence the possession of the estate necessarily is in common until a legal partition be made. But of an estate in severalty the criterion is, that a man knows, what he has the exclusive right of possessing ; and his possession is sole, because no person has right to occupy with him.— If an estate is given to a plurality of persons, without any restrictive, exclusive and explanatory words ; from the nature of the case, they are tenants in common. 2 *Bla. Comm.* 192. 180. If the grant superadds, that the property " is to be equally divided" between them, the estate is held in common, because these words are inapplicable to a several estate. 2 *Bla. Comm.*

Griswold
v.
Johnson.

*New-London*,
July,
1824.

192. Now, in the case under discussion, the devise to *Dyar* and *Benjamin* of a tract of land, constituted a tenancy in common on the preceding principles ; and this more particularly is evinced, by the words " to be equally divided betwen them, for quantity and quality ;" an expression indicating a future division of the property devised. The expression that " *Dyar* to have the part next the brook," construing the devise in all its parts together, and not disjointly, denotes merely this ; that when a future division of the property shall be made, *Dyar* shall have his portion assigned him in the place specified. It, however, has no possible effect on the tenancy in common necessarily arising from the unity of possession ; nor can it operate to produce such estate, unless by exchanging the former words, instead of giving them their legal construction. The claim, that *Dyar* had devised to him an interest in severalty, is not a little extravagant, inasmuch as the wisdom of the wisest would be baffled in the ascertainment of the bounds of this supposed several estate. The question what is its quantity, its form, its location, no one except a competent judiciary can resolve. No bounds are mentioned ; no lines are prescribed ; no quantity is given. A court can take cognizance of the case ; and, in a legal mode, well understood, determine the quantity, by the quality of the land, and, on principles of justice, assign a distinct location to each of the devisees ; but there is no competency to the performance of either of these acts, by an individual.

2. The deed of this common estate, by metes and bounds, the one tenant in common thus attempting to make a partition of the property, without any co-operation of the other, is, undoubtedly, void. The point is at rest, and not to be questioned. *Hinman* v. *Leavenworth*, 2 *Conn. Rep* 244. n. *Starr* v. *Leavitt.* 2 *Conn Rep.* 243. *Mitchell* v. *Hazen*, 4 *Conn. Rep.* 495. *Bartlett* v. *Harlow*, 12 *Mass. Rep.* 348. *Porter* v. *Hill*, 9 *Mass. Rep.* 34.

The determination of the Judge below was correct ; and no new trial is to be granted.

PETERS, BRAINARD and BTISTOL, Js. were of the same opinion.

New trial not to be granted.