Hinman, J.
Previous to the 10th of March, 1847, the plaintiff was the owner of an' undivided half of a [ *184 J gangway leading *to a lot owned by him in severalty, and to a lot belonging to the heirs of Michael Marshall, the other half of said gangway being owned by said heirs. These lots, with the gangway, had all been common property, and on a division, under a decree of the superior court, the gangway was to be and remained a mutual gangway,' for the joint accommodation of the respective owners of said lots, and was owned by them as tenants in common. On said 10th of March, the plaintiff sold his lot and his share of the gangway, but in his deed he attempted to reserve to himself a right to pass and repass, through said gangway, to a woodhouse, standing on another lot adjoining it. That reservation, together with the clause of the deed describing the share of the gangway intended to be conveyed, is in these words : “ Also one undivided half, as tenant in common with the heirs of Michael Marshall, in the gangway lying eastwardly of the land of the heirs of said *151 Michael Marshall, reserving unto myself the right to pass and repass through said gangway, to my woodhouse.''’ Treating this as an attempt to save from the operation of the deed a right o£ passway to and from the plaintiff’s woodhouse, it might, with more propriety perhaps, be called an exception; (which, according to Lord Coke, is ever of the thing granted, whereas a reservation is something newly created or reserved out of the land, as rent;) and the question is whether it is of any validity.
Assuming that it would have been good had the plaintiff owned in fee the whole gangway instead of an undivided portion of it, it resolves itself into a question, whether a tenant in common can create such an easement in the common estate. In other words, could the plaintiff, before he deeded his interest in the gangway, have conveyed such an easement to a stranger; or, had his deed contained no such clause of exception or reservation, could his grantee, after he had become a tenant in common with the Marshall heirs, have reconveyed to the plaintiff the right which he now claims.
As the title to the gangway was in the plaintiff and the Marshall heirs as tenants in common, it was, of course, subject to all the incidents of such an estate; and the fact that it *was to remain open for the accommodation of [ *185 J the two lots, did not deprive it of them. The ownership of the adjoining lots might, at any time, be so shifted that it would no longer bé needed as a passway, and then, if not before, a court would, on the application of either party, cause it to be divided, so that each proprietor should possess his land in severalty; and, in theory at least, being common property, it is at all times subject to be divided and aparted between the owners, and must, therefore, remain subject to the same ndes in respect to the power of one of the tenants in common, to convey away any portion of the common estate, that any other real estate held by tenants- in common is subject to. Now it is well settled that one tenant in common can neither sell nor incumber any part of the estate by metes and bounds, so as to prevent such a division or distribution as would give the other tenants in common an unincumbered title to the part thus sold or incumbered. Griswold v. Johnson, 5 Conn., 363. Porter v. Hill, 9 Mass., 34. Merrill v. Berkshire, 11 Pick., 269. Deeds and other conveyances of such property are not merely inoperative against the rights of the other tenants, when a partition is made, but they are, as remarked by Judge Hosmer, undoubtedly void, and the other co-tenants may at all times so treat them. It follows, then, that unless this reservation or exception is, in fact, a reservation of a right in the whole pass *152 wav, that is, a reservation of some aliquot portion of the plaintiff's interest in it, it must, according to this principle, be deemed to be void. But the right of a passway in or through a piece of land is, in its very nature, to be exercised upon a specific part of the land, and it is impossible to conceive, in this case, of a right in the plaintiff to pass to and from his -woodhouse, without interrupting and infringing upon the rights of the proprietor who might have that portion of the gangway which adjoins the woodhouse aparted and set to him. Thus the effect of the attempted reservation of the passway, if valid, would be the same as the granting or deeding to another, of that part of the gangway which does not adjoin the woodhouse by metes and bounds, and retaining the other portion, with the view [ *186 ] of retaining a passway to it, which would be *but an attempt to make partition without the co-operation of the other co-tenants, and therefore can not be done. Indeed, the only way in which the plaintiff could, consistently with the rules of law, have retained any portion of or right in the gangway, after conveying away a portion of it, would have been to have conveyed to his grantee, not his whole undivided half, but some aliquot part or portion of it; and thus he would have left remaining in himself, instead of a right to go over it to his woodhouse, a right in the whole, which would give him the right to use any part of it for any proper purpose, not inconsistent with the rights of his co-tenants, while it remained common property. But whether this would have given him the right to use it for the mere purpose of going to his woodhouse, is a question which we need not now discuss. The views herein expressed will be found more fully considered and acted upon in the late case of Adam v. The Briggs Iron Co., 7 Cush., 361, to which we refer for a full exposition of the law on this subject.
The superior court having ruled in conformity to the views here expressed, a new trial is not advised.
In this opinion the other judges concurred.