Isaac Nichols, Executor, *vs.* Benjamin Dayton.

An executor, under the title given him by statute, sued for rent for the occupation of premises by the defendant, after the death of the testator, under a lease given by the testator in his life time. The defendant offered to set off a note of the testator held by him. Held that the debts were not mutual and that the set-off could not be made.

Assumpsit, brought by the plaintiff as executor of Stephen H. Nichols for the use and occupation of premises leased to the defendant by the testator in his life time—the occupation being after the death of the testator and during the term covered by the lease. The suit was brought to the superior court in New Haven county and tried before *Pardee, J.* The defendant claimed the right to set off against the rent a note given by the testator in his life time to one Waters, which had been assigned to the defendant before the death of the testator and was held by him. The estate of the testator was represented insolvent, and was in course of settlement as an insolvent estate, and commissioners had been appointed to receive claims, and a time had been limited for presenting claims against the estate, which had expired, and the note in question had not been presented to the commissioners. The estate was in fact solvent. The note was negotiable, on demand, and dated June 21st, 1854. The testator died July 5th, 1862.

The court refused to allow the set-off and rendered judgment for the plaintiff, and the defendant brought the record, embracing a special finding of the facts, before this court by a motion in error.

*Kellogg* and *Hine*, for the plaintiff in error.

*Webster*, for the defendant in error.

Hinman, C. J. This is an action by an executor to recover for the use and occupation of premises belonging to the estate of the testator, which the defendant enjoyed after the testator's death. The defendant offered to set off against this claim a note which he held against the deceased; and the superior court having disallowed the set-off, the defendant brings the case before this court on a motion in error, founded upon the facts found by the superior court. We are of opinion that there is no error in the judgment complained of.

First, because the debts were not mutual. The executor, under the statute, has the same control of the real estate, dur-

ing the settlement of the estate, that he has of the personal property, and the same title to it, and possession of it, and although he holds in trust for the benefit of the estate the title is still in him; whereas the note against the deceased is not in any sense the executor's debt, or a debt against him, but is solely due from the estate, and if put in suit and a judgment recovered upon it execution would go against the assets of the estate only.

In the second place, the statute of limitations had run against the note before the death of the testator. It was on demand, payable to Russel Waters or order, and was dated June 21st, 1854, more than six years before the testator's death, and there is nothing to show that any thing had taken place to take the case out of the operation of the statute.

We therefore advise the superior court that there is no error in the judgment complained of.

In this opinion the other judges concurred.