## CHARLES HARRIS, ADMINISTRATOR, *vs.* FRANK N. TAYLOR.

The defendant occupied, under the plaintiff as administrator, certain real estate that belonged to the estate of the intestate. Held that he could not set off a debt due him from the intestate in his lifetime, against a claim of the plaintiff for the rent.

And held that it did not affect the case whether the estate was in settlement as a solvent or insolvent estate, nor whether, if in settlement as a solvent estate, it was in fact solvent or insolvent.

Where an administrator sues upon a claim that has accrued in his favor after the death of the intestate, the designation of himself in the writ as administrator is mere description, and not necessary. The claim, though due to him in his official character, is yet one that never existed in favor of the intestate, and so is not held by him in his representative character.

[Argued November 4th—decided November 13th, 1885.]

ACTION to recover for use and occupation of real estate; brought to the Court of Common Pleas. The defendant pleaded a set-off. Tried to the court before *Hall, J.* Facts found and judgment rendered for the plaintiff. Appeal by the defendant. The case is fully stated in the opinion.

*H. S. Sanford*, with whom was *D. C. Birdsall*, for the appellant.

*C. Thompson* and *A. M. Tallmadge*, for the appellee.

GRANGER, J. The plaintiff is administrator of the estate of one Goodsell, who died March 24th, 1884, and is settling the estate as a solvent estate. The defendant, from April 1st, 1884, to April 1st, 1885, occupied, under the plaintiff as administrator, certain real estate belonging to the estate, and the sum of $300 is found to be a reasonable charge for this occupation. This has never been paid, and the plaintiff as administrator sues to recover it. The defendant admits his right to recover it unless he can legally set off against the claim, a claim of his own against the intestate in his lifetime and

now against his estate. The whole of the claim which the defendant thus seeks to set off is $413.64, of which $162 was, within the time limited by the probate court, duly presented against the estate, but by mistake the whole claim was not presented. The plaintiff objected to this set-off, because, in the first place, the debts were not mutual, the claim sued on being due to the administrator in his character as such, and not in his representative character, and the claim sought to be set off being due originally from the intestate and now from the administrator only as the representative of the intestate; and secondly, because the estate is in fact insolvent although in settlement as a solvent estate. The plaintiff offered proof that the debts proved against the estate were largely in excess of the value of the estate, making the estate in fact insolvent. To this evidence the defendant objected, but the court admitted it, and found that the estate was in fact insolvent, and also held the set-off not admissible on the ground that the debts were not mutual. The defendant appeals from the judgment against him, claiming the court to have been in error in both these rulings.

We regard the case of *Nichols* v. *Dayton*, 34 Conn., 65, as decisive of this. There such a set-off was held inadmissible. It is true that the estate was there in settlement as an insolvent estate. But the decision is not put upon that ground at all, but wholly on that of the want of mutuality. HINMAN, C. J., giving the opinion of the court, says (p. 66:) —" The debts were not mutual. The executor under the statute has the same control of the real estate, during the settlement of the estate, that he has of the personal property, and the same title to it and possession of it, and although he holds in trust for the benefit of the estate the title is still in him; whereas the note against the deceased is not in any sense the executor's debt, or a debt against him, but is solely due from the estate, and if put in suit and judgment recovered upon it, execution would go against the assets of the estate only."

A certain appearance of mutuality is given to the claims

because the plaintiff sues as administrator. But he need not have sued in that way—the claim is due to him personally and not as a representative of the intestate, and his designation of himself as administrator is mere description and not a matter of substance. The debt, while due to him in his official character, is yet one that accrued in his favor and had never accrued in favor of his intestate.

The objection of the want of mutuality being fatal to the right of set-off, it is of no consequence whether the estate was in fact solvent or insolvent, or was represented as either, and the ruling of the court admitting evidence that it was insolvent was of no importance.

There is no error in the judgment appealed from and it is affirmed.

In this opinion the other judges concurred.