# APPENDIX.

*COMFORT C. BRATT, Administratrix, and COMFORT C. BRATT, in her own right, and EDWARD OTIS HINKLEY, Administrator *vs.* SAMUEL S. WOOLSTON, SAMUEL W. LIPPINCOTT, and SAMUEL BRATT.

*Lease—Covenant of Renewal—Power of Court of Equity to Compel renewal.*

The lessee of property under a lease with a covenant of renewal, is entitled, when the lessor is dead, to have the lease renewed by every one who has, or claims to have, an interest in the property as a representative of the lessor.

The Court may decree that all parties who have real or supposed interests, shall unite in the renewal of the lease, leaving open for future decree the determination of their respective interests, where a suit is pending in respect of the same.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, and BRYAN, J.

*Frederick W. Story,* and *Edward Otis Hinkley,* for the appellants.

*This case which was designated by the Court "not to be reported," has been reported, and published at the request of one of the counsel in the case who regards the decision as a valuable precedent.

The following authorities were cited: *Cecil, Adm'r vs. Rose, et al.*, 17 *Md.*, 102; *Smith vs. Wilson, Adm'r*, 17 *Md.*, 460; *Cecil vs. Clarke, et al.*, 17 *Md.*, 520; *Lemon vs. Hall*, 20 *Md.*, 168; *Muncaster, Exec'r vs. Muncaster and Wife*, 23 *Md.*, 286; *Rockwell vs. Young*, 60 *Md.*, 566.

*George Whitelock*, for the appellee, Samuel S. Woolston.

The following authorities were referred to; *Sparks, et al. vs. Weedon*, 21 *Md.*, 165; *Kent vs. Somervell*, 7 *G. & J.*, 268–9; *Ridenour, et al. vs. Keller*, 2 *Gill*, 145; *Matthews vs. Turner and Woodyard*, 64 *Md.*, 109; *Sec.* 85 *of Art.* 65 *of the Code of* 1878; *Hannah K. Chase's Case*, 1 *Bland*, 213; *Ellicott vs. United States Ins. Co.*, 7 *Gill*, 320; *Equitable Mut. Land Impr. Asso. vs. Becker*, 45 *Md.*, 634.

*Samuel Snowden*, for the appellee, Samuel Bratt.

The following authorities were cited: 2 *Dan. Ch. Prac.*, 1571; *Fowler vs. Lee*, 10 *G. & J.*, 358; *Mohawk and Hudson Railroad Co. vs. Clute*, 4 *Paige Ch. Rep.*, 391.

*Samuel D. Schmucker*, for the appellee, Samuel W. Lippincott.

STONE, J., delivered the opinion of the Court.

Certain leasehold property in the City of Baltimore was held by Samuel S. Woolston, lessee, under a long lease, with covenant of renewal, etc. The lessor was a certain John Bratt, now deceased. The lease being about to expire the lessee filed a bill against the representatives of the lessor to have it renewed according to the covenants in the lease; and the Court below so decreed. Two of the representatives of John Bratt have appealed from the decree. There seems to be no dispute as to the facts in this case. These facts may be briefly stated thus: That Samuel S. Woolston, one of the appellees, became by various mesne conveyances, the assignee

of a certain William Davison to whom John Bratt had leased certain property in Baltimore; that Samuel W. Lippincott owns the reversion in fee of the property; that the original and sub-leases all contain covenants for renewal; that the lease will soon expire.    These are all the facts we deem necessary to state.

The appellants both answered the bill, and in the most unqualified terms agreed that the lease should be renewed; and they both say: "Now prays that they may be renewed according to the covenants thereof; and this respondent tenders himself ready and willing to do, pay, covenant and perform whatever this Honorable Court may. decree in the premises."

They both in their answers pray the Court to reserve any rights they might have among themselves as there was a case pending between the representatives of John Bratt.

The decree of the Court passed on the bill and answers, as far as we can see, is in entire conformity with the answers of the defendants, and the consent therein given, and we are at a loss to know why this appeal was brought here, unless for the purpose of getting some decision that would in some way affect the case of *Bratt vs. Bratt, et al.*

It seems that John Bratt left a widow, Comfort C. Bratt, a son, Samuel Bratt, and a daughter, Susan M. Bratt.    That the daughter Susan died soon after her father, and that the widow and son, after the death of the daughter, divided this leasehold property between themselves by agreement.    They seem to have treated this leasehold property as real estate, and by the agreement Mrs. Bratt, the widow, was to receive certain of these ground rents for her life.    But quite recently a bill has been filed by Mrs. Bratt to annul this agreement, and she claims that these ground rents all belong to her as administratrix of her husband, and to be distributed accordingly.    The division of the ground rents had been

made for many years between Mrs. Comfort C. Bratt and Samuel Bratt according to the above mentioned agreement; and the decree properly provided, that the rent should be reserved to Mrs. Bratt for life and after her death to Samuel Bratt. But the Court most expressly reserved any rights the parties might have *inter sese* for future decree of the Court, and consolidated the case with the case of *Bratt vs. Bratt, et al.* The Court could do nothing else than pass the decree that it did; unless it had undertaken (which very properly it declined to do,) to decide the case of *Bratt vs. Bratt, et al.*, in this proceeding.

The complainant, Woolston, was entitled to have this lease renewed by every one who had *or claimed to have* an interest in the property as a representative of John Bratt. The defendants, Mrs. Bratt, Samuel Bratt and the administrator of Susan M. Bratt, all either have, *or claim to have*, an interest in it. The Court decreed that all these real or supposed interests should unite in the renewal of the lease, but left open for future decree the determination of their respective interests. The obvious meaning of the decree is that the rents should be paid over as they had been until the case of *Bratt vs. Bratt, et al.*, was finally decided, and thereafter according to that decision. Had the Court decided that Mrs. Bratt, as administratrix of her husband, John Bratt, was alone the proper party to renew this lease, it would have in effect decided the case of *Bratt vs. Bratt, et al.*, not then before it.

The renewal fine decreed to be paid is the proper one, and the costs are within the discretion of the Court below.

*Decree affirmed,*
*with costs.*

(Decided 5th January, 1887.)