LILLIAN PASTINE ET AL. vs. JENNIE R. ALTMAN, AD-
MINISTRATRIX, ET AL.

Third Judicial District, Bridgeport, April Term, 1919.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

The old rule, that a conveyance by one tenant in common of a distinct part of the common estate was void, has been materially modified by later decisions, and the weight of authority now seems to be that such a conveyance will be given effect so far as that may be done consistently with the preservation of all the rights of the cotenants, and no further.

In the present case, one cotenant who owned a one-half interest in a four-story building, and the administratrix of a deceased cotenant who owned the other one-half interest, united in a lease of two floors of the building for a term of years, and the lessee entered into possession. *Held:*—

1. That during the settlement of the estate of the deceased cotenant the lease was valid and effective.

2. That thereafter it could operate only by way of estoppel against the living lessor, and as a permission to stand in the shoes of those heirs of the deceased cotenant who assented to its terms; and that in so far as the lease purported to exclude nonassenting heirs of the deceased cotenant, now become cotenants themselves, from their right to the use and possession in common of the leased floors, it became voidable upon their objection.

3. That as against such objecting cotenants the lease was of no avail at all; but that so long as the so-called lessee disclaimed any right to the exclusive possession against them—as he did in this case—they could not successfully maintain ejectment against him upon the theory that his possession constituted an ouster.

Argued April 9th—decided July 31st, 1919.

ACTION in the nature of ejectment, brought to the Superior Court in Fairfield County where the defendant Kumpitsch failed to appear and the answer of the defendant Altman, administratrix, was adjudged (*Haines, J.*) insufficient on demurrer, and upon her failure to plead further judgment was rendered for the plaintiffs,

from which the defendant administratrix appealed. *Error and cause remanded.*

The complaint alleged that the plaintiffs were part owners and tenants in common of a certain building in Bridgeport, and that in March, 1915, James Musante, one of the tenants in common of said property, and Mary Pastine Myers, administratrix of the estate of Bartholomew Pastine, deceased, the father of the plaintiffs, and in his lifetime the other tenant in common of said building, made a lease to the decedent of the defendant Altman of the second and third floors of the building for the term of five years and ten months from April 1st, 1915, with the privilege of renewing the lease for a further period of ten years; that on August 8th, 1918, the Superior Court in and for the County of Fairfield, in an action brought by these plaintiffs against these defendants, rendered a judgment annulling and cancelling the lease; and that the defendants are in wrongful possession of the second and third floors of the building and unlawfully withhold possession from the plaintiffs.

The answer claims that the former judgment applied only to the rights of the plaintiffs, and had no reference to the rights that the defendant has leased of the other cotenants. It denies that the defendant is unlawfully withholding possession of the premises, alleges, in substance, that the defendant was in possession with the knowledge and approval of James Musante and the other heirs of Bartholomew Pastine, and claims, by virtue of the lease, the same rights in relation to the plaintiffs that the lessor, James Musante and the other Pastine heirs, had. A demurrer to the answer was sustained on the ground stated in the opinion. The defendant having refused to plead over, the court heard the parties on the pleadings and entered judgment in favor of the plaintiff for possession of the premises.

*Henry E. Shannon*, for the appellant (defendant Altman, administratrix).

*Thomas M. Cullinan*, for the appellees (plaintiffs).

BEACH, J. This is an action of ejectment to recover possession of two floors of a building formerly owned by James Musante and Bartholomew Pastine, and now occupied by the defendant, under a lease of the second and third floors, for an unfinished term of years, executed in March, 1915, by James Musante and the administratrix of the estate of Bartholomew Pastine. The plaintiffs are two minor heirs of Pastine who have never assented to the lease.

Under our statute (§ 5027) an administratrix is entitled to the custody of the real estate pending the settlement of the estate, and since the lease was executed by one cotenant and the legal representative of the other cotenant, it was valid for the time being, and until the custody and authority of the administratrix were terminated in May, 1918, by the final settlement of the estate.

Shortly after the settlement of the estate, these plaintiffs brought an action in the Superior Court against the same defendants, to have the lease declared null and void. As appears from a memorandum of decision in the file, the court held the lease void, on the sole ground that the administratrix had no power to execute a lease which extended beyond the settlement of the estate, and cancelled the lease "from and after the date of the final accounting."

Defendant's answer admits that the lease had been adjudged null and void so far as the plaintiffs are concerned; claims that she is now in possession under the lease with the consent and approval of Musante and of the other heirs of Pastine, except these plain-

tiffs; disclaims any right of exclusive possession as against the plaintiffs; and asserts "the same rights in relation to the plaintiffs that her lessors, James Musante and the other Pastine heirs, had."

Plaintiffs demurred to this answer, because the lease had been annulled and cancelled by the judgment of the Superior Court, and on the ground that the lease was void as against the nonassenting plaintiffs, because it was an attempt by some of the tenants in common to lease a distinct and separated part of the common estate by metes and bounds without the consent of all. The demurrer was sustained on the ground last stated and judgment for the plaintiffs followed.

It is true that one tenant in common cannot convey or lease a fractional part of the common estate by metes and bounds, without the consent of the other, so as to make an arbitrary partition of the common estate, or so as to exclude the nonassenting common tenant from any part of the premises. "The reason why a deed by one tenant is inoperative as against his cotenant, is simply that such conveyance impairs the rights of the latter in respect to partition." *Stevens* v. *Norfolk*, 46 Conn. 227, 229. But that is not this case. In its origin the lease in question was temporarily valid, because all those then entitled to the custody and possession of the estate joined in executing it. Until the settlement of the Pastine estate, nobody was in position to object. On the final settlement of the estate the lease, so far as it excluded the nonassenting plaintiffs from their right to the use and possession of the described portion of the building in common with the other common tenants, became voidable upon the objection of the plaintiffs. They attempted in the former action to have it declared null and void *in toto*. But none of the assenting common tenants were made parties to that action, and it is clear that the judgment cancelled the

lease only so far as the parties to the action were concerned. The result of that judgment is that as against these plaintiffs the lease does not exist. They are entitled to the use and possession of the whole estate as if the lease had never been executed; and the defendant does not deny this. She asserts only a right of possession in common with the plaintiffs. If the whole or any part of the leased premises should be aparted to either of the plaintiffs in partition proceedings, he would take it free from any incumbrance by the lease. It is convenient to refer to this document under which the defendant claims as a "lease"; but it is no longer operative as a lease of the described premises; it is no more than a permission to stand in the shoes of Musante and of the other heirs of Pastine, in respect of the premises. That being so, the plaintiffs are not injured and are not entitled to judgment on the demurrer to the answer, unless the law is so that one tenant in common may not put a stranger into his shoes in respect of a fractional part of the common estate. The cases do not go to that length.

*Mitchell* v. *Hazen*, 4 Conn. 495, was an action for breach of covenant of seisin in an administrator's deed which attempted to convey a part only of land held in common with the heirs of another estate. The deed in that case was plainly an attempt to create an absolute estate in severalty by an arbitrary partition of the common estate without the consent of the cotenant. And the court so treats it, saying, on page 510: "Indeed, the proposition is self-evident, that one tenant in common cannot deprive his cotenant of any part of his interest in the common estate, nor in any respect lessen or vary his legal rights. But if he is permitted to divide the common property into distinct moieties, by metes and bounds, and then dispose of a certain proportion in the property thus separated, he prejudices his cotenant."

*Griswold* v. *Johnson,* 5 Conn. 363, was an action of ejectment in which the defendant relied on an administrator's deed, which also attempted to convey by metes and bounds part of a tract of land held in common with the heirs of another estate; and the court said, on page 366: "The deed of this common estate, by metes and bounds, the one tenant in common thus attempting to make a partition of the property, without any cooperation of the other, is, undoubtely, void. The point is at rest, and not to be questioned." In *Marshall* v. *Trumbull,* 28 Conn. 183, one tenant in common conveyed his interest in the common estate reserving to to himself a right to pass and repass over a certain gangway. The reservation of the passway was held void, and *Adam* v. *Briggs Iron Co.,* 61 Mass. (7 Cush.) 361, is referred to for a full exposition of the law. What is said on page 369 of the case thus referred to, is suggestive: "I have a moiety; my cotenant has a moiety. He may convey a quarter of the whole estate to one, an eighth to another, a sixteenth to another, and so on indefinitely, letting in other cotenants with me. But all being seized of aliquot parts, in the same estate, and of like kind and quality, my right to partition is not disturbed by any number of cotenants. But if he could convey his aliquot part, in specified parcels of the estate, he might diminish the value of my right, if not render it worthless." This makes it still more clear that the rule was not aimed at the substitution of strangers in the shoes of one tenant in common, nor the possible multiplication of tenants in common, but at the arbitrary creation of estates in severalty carved out of the common estate by one tenant, which, if permitted, would impair the right of the nonassenting tenants to possess the whole estate in common, as well as their right to have the whole estate partitioned according to law.

The original rule that a conveyance by one tenant in common of a distinct part of the common estate was void, was subsequently modified by *Hartford & Salisbury Ore Co.* v. *Miller*, 41 Conn. 112, and *Goodwin* v. *Keney*, 49 Conn. 563; and as the rule now stands, such conveyances are merely voidable, and if confirmed by the other common tenants are valid. In *Hartford & Salisbury Ore Co.* v. *Miller, supra,* on page 132, the right of nonassenting tenants in common to treat such a conveyance as void, is spoken of as a privilege which may be waived, "and having been properly waived, the conveyance is binding on them, and, operating as an estoppel against the [original] grantor, it vests the complete title in the grantee." And in *Stevens* v. *Norfolk*, 46 Conn. 227, 229, we said: "In the light of this reason, and of the principle that each tenant's deed is good and effectual against himself, it will be seen that if all the tenants. in common give deeds at separate times of their respective interests in the same portion of the joint estate by metes and bounds to the same person, the title must of necessity be good against them all." This language goes far toward a solution of the present case.

The question here is whether the lease, although wholly inoperative as against the plaintiffs, may nevertheless continue to operate as an estoppel against the lessor Musante, and the heirs of Pastine who have waived their privilege of treating it as void. Such a course will injure no right of possession which the plaintiffs had before the lease was executed, and will not impair their rights in respect to partition. In these respects the plaintiffs are already protected by the former judgment. And if the defendant is content to continue to pay rent notwithstanding the breach of the lessor's covenants, there seems to be no legal reason why he may not be permitted to do so.

The weight of authority in other jurisdictions seems to be that while a conveyance by a tenant in common of a portion of the common estate by metes and bounds cannot impair or vary the rights of a nonassenting tenant in common, the law will give effect to it so far as may be done consistently with the preservation of the entire rights of the tenants in common, and no further. See cases collected in note to *Pellow* v. *Arctic Iron Co.*, 47 L. R. A. (N. S.) 573 (164 Mich. 87, 128 N. W. 918). All the rights of the plaintiffs as tenants in common are fully protected, and on the allegations of the answer they are not entitled to a judgment against the defendant for possession of the premises.

There is error, the judgment is reversed and the cause remanded for further proceedings according to law.

In this opinion PRENTICE, C. J.; RORABACK and GAGER, Js., concurred.

WHEELER, J. (dissenting). The allegations of the complaint are found in the majority opinion; those of the answer and of the demurrer to the answer, from the ruling upon which the appeal is taken, may be stated to advantage a little more fully.

The answer admits that the judgment referred to was rendered as to the rights of the plaintiff minors, but alleges it had no reference to the rights of defendant as lessee of the other cotenants. The second defense alleges that Musante and Pastine were the owners of a building in Bridgeport, having a store on the first floor and three floors above; that Pastine died owning an undivided half interest in this property; that he left surviving a widow and eight children, including the plaintiffs; that Mrs. Myers was appointed and qualified as administratrix, and that the estate has been settled

and an undivided one-half interest in the real estate
has become by descent the property of the widow and
eight children, and that the other half interest is owned
by Musante, all owning the property in common; that
during the pendency of the estate, Musante, and Mrs.
Myers, administratrix, made a lease to one Rubenstein,
of the second and third floors of this building, for one
year, with a privilege of renewal; that Rubenstein died
and defendant herein duly became administratrix on
his estate; that Rubenstein, under the direction of Mu-
sante and Mrs. Myers, entered into possession of the
premises with their consent and approval and that of
all the Pastine heirs except plaintiffs, and occupied the
same until the settlement of the estate; that Musante
has since the making of the lease accepted the rent pro-
vided in the lease, and Mrs. Myers as administratrix
and all the Pastine heirs up to the date of settlement
of the estate of Pastine accepted the rent provided in
the lease, and that the defendant Mrs. Altman, admin-
istratrix on estate of Rubenstein, is in possession of the
premises by virtue of this lease and entry, and has the
same rights in relation to the plaintiffs that her lessors
Musante and the other Pastine heirs had.

A demurrer to the answer was sustained on the
fourth ground thereof, viz.: "It appears from said
answer that the lease under and by virtue of which the
defendants claim the right to occupy said premises was
a lease of a distinct and defined portion of the whole
estate owned by the plaintiffs and the others referred
to in said answer as tenants in common, and that there-
fore said lease as against the plaintiffs, who are minors,
and therefore incapable of ratifying the same, was ab-
solutely void."

The majority of the court find error in the ruling sus-
taining the demurrer, and in the judgment that plain-
tiffs are entitled to possession of the premises. Their

opinion holds that the lease was good only during the settlement of the estate, and that thereafter it was voidable by any cotenant who had not assented to it. The opinion further holds that the lease, as against these plaintiffs, is void, and that they "are entitled to the use and possession of the whole estate as if the lease had never been executed"; and with this I agree. So that the opinion holds that although the lease is void against the plaintiff minors, cotenants in these premises, yet the defendant has a right of possession in these premises which the plaintiffs cannot disturb. I am unable to concur in this position.

The utmost claim of the defendants in their answer is that they are in possession by virtue of the lease and the entry made thereunder. The justification for this position, in the majority opinion, is (1) the suggested one that the lease was temporarily valid and the entry thereunder valid, and hence in some way, not specified, the defendant may continue in possession of a fractional part of those premises as against these plaintiff cotenants who have never authorized or ratified that possession; and (2) that Musante and the heirs of Pastine, other than the plaintiffs, had the right to put and keep Rubenstein in possession of the second and third floors of these premises, and to thereby vest him with all the rights of ownership in this fractional part which they as cotenants had.

To test the soundness of these positions it will be necessary to state briefly the underlying principles on which the law of cotenancy is builded. Tenants in common hold by several and distinct titles, perhaps unequal in shares and in mode of acquisition, but by a common unity of possession in the whole. Each tenant is entitled to occupy the whole estate in common, or to receive his share of the rents and profits, and no one of them is entitled to the exclusive possession of any par-

Pastine v. Altman.

ticular part of the land. From the nature of the relation, it necessarily follows "that a deed by one tenant in common of a part of the common property by metes and bounds is inoperative as against the other tenants." *Hartford & Salisbury Ore Co.* v. *Miller,* 41 Conn. 112, 132; *Adam* v. *Briggs Iron Co.,* 61 Mass. (7 Cush.) 361. "But," says JUDGE CARPENTER in the Connecticut case, "if the cotenants, then or subsequently, by a suitable conveyance confirm the grant, the grantee still holding under his deed, it becomes, in effect, operative and binding upon all concerned." As to these plaintiffs, the lease to Mrs. Altman's decedent has been adjudicated void. Upon a test I think the same holding must be had as to all of these cotenants except Musante, who ratified the lease by accepting rent after the settlement; the other cotenants did not accept rent after the settlement, and there are no facts in the answer showing ratification by them after the settlement. The opinion seems to hold the contrary, and further seems to hold that the possession under a lease valid until settlement, must be presumed valid until it affirmatively appear that the cotenants have disapproved. In neither position can I agree. The invalid lease remains invalid as to all cotenants who have not assented to it after the settlement, when they had the right to act and speak. The consent to the occupation under the lease given prior to the settlement, cannot be held to make the consent reach beyond the settlement for the term of the lease.

One cotenant may convey his undivided interest in whole, or a part of the whole, or act in relation to it as its owner, so long as he does not prejudice the rights of his cotenants in the premises, but he may not convey a designated part. If he does, the transfer will only be binding upon cotenants who ratify. In speaking of a conveyance by a cotenant, we said in *Humphrey* v.

*Gerard,* 83 Conn. 346, 359, 77 Atl. 65: "He did not undertake to convey a part in severalty, thus seeking to accomplish a division by his own unaided act, and deprive his cotenants of their interest in the part conveyed.. His action was not, to use the language of the cases, against his cotenants, and did not purport to affect their rights as cotenants of the whole." All the instances of transfers of a part of the property by a cotenant which we have had before us have been, as I understand, those where a ratification had occurred. So that the immediate question here is of first instance.

The transfer by one cotenant of a specific part of the common property, if it places the grantee in the place of the cotenant, subjects every cotenant to having the common property divided into any number of parts, and besides subjecting the common property to a multiplied ownership it subjects it to an ownership of every degree and grade. Divergent interests must bring divergent views. How is the property to be cared for? How are the expenses to be met? How is the income to be collected and divided? These are eminently practical questions and may develop difficulties many and varied. Such a condition cannot help but prejudice the rights of every non-granting cotenant. And when we approach a case such as this, where the cotenant assumes to lease by metes and bounds a part of a building, the difficulties increase. Every cotenant might exercise a similar right over a part of the building. The building in question is a business building in the heart of the business section of Bridgeport. There must be a concerted management, or the property will not be wisely rented or used. Ordinarily one cotenant cannot set up a business occupying an entire floor of a business building, for his possession denies to the other cotenants the right to occupy the premises for a business. If it be held that the defendant stands in the rights of James

Musante, a cotenant, as to the second and third floor of this building, what obligation rests upon her to pay any part of the expense of this building, taxes, repairs or insurance? It is futile to say that she only holds subject to the like possession of the other cotenants. All of them cannot do business in the same rooms at the same time. If one cotenant could by his own act make such a transfer operative, he would not only prejudice the rights of his cotenants but destroy the relation of cotenancy. There could be no such thing as unity of possession under these conditions. Some would be denied their right to the occupation of the whole, and some would gain the exclusive possession of particular parts.

Cases where such transfers have been sustained are those where ratification by other cotenants has taken place. Our own decisions, as I read them, necessarily lead to these conclusions. And authority elsewhere is almost universally against the right of one cotenant, by a conveyance of an aliquot part of premises, to substitute his grantor in place of himself in those premises in which he is a cotenant. To give this defendant possession, she or her decedent must have succeeded to the particular rights of one of the cotenants in these two floors. Musante was without authority to make such a transfer and have it carry with it a right to the use and possession of these floors, hence he could not by a ratification of an unauthorized transfer convey a right to such use and possession. His ratification may operate to divest him in equity of his interest in that part of the property so transferred, and upon sale or partition equity may protect the grantee, but there the grantee's rights end. To hold otherwise would permit one cotenant to act against his cotenants and to their prejudice, and "to accomplish a division by his own unaided act." *Humphrey* v. *Gerard*, 83 Conn. 346, 359,

77 Atl. 65; *Hartford & Salisbury Ore Co.* v. *Miller,* 41 Conn. 112, 129.

The majority opinion holds that after the settlement defendant did not hold under a lease, which is her only claim, but by a mere permission to stand in the shoes of Musante and of the other heirs of Pastine. If this means that one cotenant may transfer an aliquot part of his share in the common estate and substitute his grantee in his stead and vest him with all of his rights of possession, I think this is the only logical position which can be taken in support of defendant's right of possession. Such a position is, I believe, at variance with our own law, with the fundamental principles of cotenancy, and with the great weight of authority the country over; and it is for this reason mainly that I dissent. The plaintiff cotenants, in my opinion, are clearly entitled to the possession as against the defendant, who is wholly without the right of possession.