DENNIS P. O'CONNOR, ADMINISTRATOR (ESTATE OF WILLIAM J. RYAN) *v.* MICHAEL CHIASCIONE.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 6—decided July 22, 1943.

*Edward J. Lonergan,* for the plaintiff.

*Joseph P. Cooney,* for the defendant.

MALTBIE, C. J. The plaintiff brought an action of summary process against the defendant; the case was submitted to the trial court on an agreed statement of facts; the court gave judgment for the defendant and the plaintiff has brought a writ of error to this court. The defendant was lessee of certain premises owned by William J. Ryan. The lease contained various covenants usual in leases, such as one for the payment of rent and re-entry for breach, and also one giving the defendant an option for a renewal of the lease for five years, upon notice in writing to the lessor thirty days before its expiration. Ryan died, and within the time provided in the lease the defendant gave notice of his intention to exercise the option of renewal to the plaintiff, as administrator of Ryan's estate. The defendant had not obtained a renewal when this ac-

tion was brought and at most had in equity a right to compel the execution of one to him; but the parties, so far as appears, raised no question in the trial court and raise none before us as to his right to interpose such an equitable defense, and we shall consider the case upon the basis upon which it was apparently tried and decided in the court below. The only issue presented to us is whether notice to the administrator was sufficient to entitle the defendant to a renewal.

A covenant for a renewal runs with the land and in case the lessor dies it is enforceable against those who succeed to his title. *Karn* v. *DiLorenzo,* 95 Conn. 267, 272, 111 Atl. 195. On the death of the owner, title to real estate at once passes to his heirs, subject to being defeated should it be necessary for the administration of the estate that it be sold by order of the court, and subject to the right of the administrator to have "possession, care and control" of it during the settlement of the estate, unless the probate court shall otherwise order. General Statutes, § 4956; *Bowen* v. *Morgillo,* 127 Conn. 161, 168, 14 Atl. (2d) 724. The administrator does not have title to the real estate; *State* v. *Thresher,* 77 Conn. 70, 74, 58 Atl. 460; *Ryder* v. *Lyon,* 85 Conn. 245, 252, 82 Atl. 573; the right of possession and control is in him only as a fiduciary for those interested in the estate; *Nichols* v. *Dayton,* 34 Conn. 65, 66; his rights in it cease at the settlement of the estate; *Cole* v. *Jerman,* 77 Conn. 374, 376, 59 Atl. 425; he can, and it may be his duty to, lease it, but he can make no lease which will run beyond the settlement of the estate; *Pastine* v. *Altman,* 93 Conn. 707, 709, 107 Atl. 803; *Hall* v. *Meriden Trust & Safe Deposit Co.,* 103 Conn. 226, 234, 130 Atl. 157; and he is entitled to any rents accruing during the settlement of the estate. *Nichols* v. *Dayton,* supra; *Harris* v. *Taylor,* 53 Conn. 500. The provision in the lease in

question meant the giving of a new lease for a term of five years, containing the same provisions as in the original except as regards an increase in rental to $100 a month which was stipulated in the original lease. *Lamenza* v. *Shelton,* 96 Conn. 403, 409, 114 Atl. 96. The administrator could not by virtue of his rights in the land under the statute make a lease which would assure to the defendant the right to hold possession for the five-year period. On the other hand, when the administrator came into possession of the property he was entitled during the settlement of the estate to the benefit of the covenants in it running to the lessor, such as that providing for the payment of rent, and the right of re-entry for default, covenants which, after the settlement of the estate, would inure to the benefit of the heirs. In such a situation, the only way to work out the rights of the parties would be for both the administrator and the heirs to join in a lease so drawn as to protect the rights of both, and should specific performance be sought in a court of equity, it would conform its decree to accomplish that end. *Bratt & Hinkley* v. *Woolston,* 74 Md. 609, 7 Atl. 563.

Notice to the administrator would then be sufficient to entitle the tenant to a renewal of the lease by him pending the settlement of the estate. If the administrator were an agent of the heirs, having the authority vested in him by the statute, no doubt notice to him would also be effective to bind them. *Gray* v. *Chamandy & Sons,* 63 Ont. L. R. 495, 508. But he is not an agent of the heirs; he does not derive his powers from them and he is not subject to their control. *Curtis* v. *Leavitt,* 15 N. Y. 9, 194. He is a fiduciary for all persons interested in the estate and in his management of the real estate he is a fiduciary for the heirs. *Remington* v. *American Bible Society,* 44 Conn.

512, 517; *Winchell* v. *Sanger,* 73 Conn. 399, 406, 47 Atl. 706; *City National Bank* v. *Bridgeport,* 109 Conn. 529, 539, 147 Atl. 181; *Ekdahl* v. *Wessman,* 127 Conn. 141, 142, 14 Atl. (2d) 757. But his possession and control are only for the purpose of making it or the income from it available to meet charges against the estate; and his rights are in derogation of those of the heirs. *Hall* v. *Meriden Trust & Safe Deposit Co.,* supra. There are cases in which it is held that, at least in certain circumstances, notice to a trustee is notice to the cestui qui trust. *Peters* v. *Bain,* 133 U. S. 670, 696, 10 Sup. Ct. 354; *Brannon* v. *May,* 42 Ind. 92, 101; *Miller* v. *Rutland & W. R. Co.,* 36 Vt. 452, 483. Under the circumstances before us the weight of authority points to the conclusion that notice to the administrator would not be notice to the heirs. *Curtis* v. *Leavitt,* supra; *Commissioners of Johnson County* v. *Thayer,* 94 U. S. 631, 644; *Westinghouse Electric & Mfg. Co.* v. *Brooklyn R. T. Co.,* 291 Fed. 863, 875; *Chew* v. *Henrietta Mining & Smelting Co.,* 2 Fed. 5, 8. The basis upon which notice acquired by one person is imputed to another is that the former is under a duty to disclose to the latter. An administrator does not hold possession of real estate under the heirs, nor do they derive their title or their right to ultimate possession from him; on the contrary, his possession is in a sense hostile to their interests. We can find no duty on the part of the administrator to search out the heirs of the estate and inform them that he has received notice of the exercise by the defendant of his option to have a renewal of the lease. While notice to the administrator was not binding upon the heirs, it was effective to make available against him, until the settlement of the estate, the defendant's right to a renewal of the lease. Upon the

theory upon which the case was tried, the defendant had a sound defense to the action.

There is no error.

In this opinion the other judges concurred.