[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISCHARGE LIS PENDENS
The defendants, People's Bank and PB Real Estate Inc., seek the discharge of a notice of lis pendens filed by the plaintiffs; Englewood Professional Building, Inc., First New England Realty, Inc., Dominic Paniccia, and Mario Paniccia. The plaintiffs, contesting the motion, claim they have established probable cause to show that a judgment of foreclosure should be set aside thereby giving them title to the property described in the notice of lis pendens. The court concludes that the plaintiffs have failed to establish probable cause for their claim to the real property.
The foreclosure judgment which plaintiffs' attack was entered in an action brought by People's Bank in 1991 against the persons and entities who are now the plaintiffs in the present lawsuit. The foreclosure court entered defaults against the defendants in the foreclosure proceeding after they failed to disclose a defense and, on August 17, 1992, entered a judgment of strict foreclosure pursuant to a stipulation of the parties. The court found the fair market value of the property to be $925,000.00. The court found the debt to be $2,496,705.48. It awarded an attorney's fee, appraiser's fee, and search fee of $15,714.64, $1,000 and $150.00 respectively. The court set the obligors law date for October 13, 1992.
At the time the judgment of strict foreclosure was entered, the parties did not have an agreement as to a deficiency judgment. By this time, all parties were represented in the court proceeding by counsel. On September 2, 1992, the parties with the assistance of their counsel came to an agreement on the deficiency and other matters. They outlined their agreement in a letter which they signed under the words "accepted and agreed." The bank agreed to waive a deficiency CT Page 7625 claim which, based upon the court's findings of August 17, 1992, would have been approximately $1,500,000.00. The bank also agreed to pay the obligors $75,000.00 provided certain conditions were met. The $75,000 payment was essentially a brokerage fee for the obligors' obtaining tenants for the building. The obligors, on their part, agreed to advance their law day, waive the appeal period, and co-operate with the bank in accordance with the terms of the latter agreement.
After the bank and its affiliate obtained title, they spent $1,400,000.00 on remedial work and on fix-up work for tenants. They also continued to negotiate with the obligors with respect to the loose ends in the settlement agreement of September 2, 1992. Some of the loose ends were never resolved. The bank never paid the $75,000 to the obligors.
The obligors, i.e. the plaintiffs herein, now claim that the bank and its affiliate acted fraudulently with respect to the foreclosure procedure. "Fraud consists in deception practiced in order to induce another to part with property or surrender some legal right, and which accomplishes the end desired." Alexander v. Church, 53 Conn. 501, 502 (1885). The court's setting aside a judgment on the ground of fraud "must be tempered by a sometimes conflicting adjudicative proposition that mandates the ultimate conclusion of all legal controversies." Jucker v. Jucker, 190 Conn. 674, 677 (1983)." "Such relief will only be granted if the unsuccessful party is not barred by any of the following restrictions: (1) There must have been no laches or unreasonable delay by the injured party after the fraud was discovered. (2) There must have been diligence in the original action, that is, diligence in trying to discover and expose the fraud. (3) There must be clear proof of the perjury or fraud. (4) There must be a substantial likelihood that the result of the new trial will be different. James, Civil Procedure (1965) 11.7, pp. 540-42; 36 Ill. L. Rev. 894, 896-97 (1942). Furthermore, the granting of such relief must not unfairly jeopardize interests of reliance that have taken shape on the basis of the judgment. James Hazard, Civil Procedure (2d Ed.) 13.14, p. 687." Varley v. Varley, 180 Conn. 1,4 (1980).
The plaintiffs have failed to establish probable cause as to any of the four prongs of the test for vacating a judgment based on fraud. They offered no evidence whatsoever with respect to the fourth prong. At best, they have shown the CT Page 7626 breach of a settlement agreement for which they are entitled to $75,000.00 and, perhaps, other monetary relief. Under the circumstances it would be inequitable to vacate the foreclosure judgment.
Based upon the foregoing, the motion to vacate the lis pendens is granted.
THIM, JUDGE