[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed a motion of partial summary judgment and the defendants have filed a motion to strike.
The plaintiff Renard is the devisee of certain property located at 33 Giles Hill Road in Redding, Connecticut. On December 3, 1993, defendant Dillman was appointed administrator of the estate. The plaintiff alleges that the defendants have been in possession of the premises and have denied him possession without legal right.
The three count complaint seeks, respectively, ejectment of the defendants from the premises, damages for emotional distress and negligent infliction of emotional distress. Plaintiff's motion is to count one only.
In support of his motion, Renard submitted: (1) an uncertified copy of Rosenthal's last will and testament; and (2) his affidavit attesting to the facts set forth in the complaint. In his memorandum of law in support of the motion, Renard argues that "Gen[eral] Stat[utes] § 45a-321 now codifies the common-law rule that a devisee of a specific grant of real property is entitled to immediate possession upon the testator's death."
Defendants argue that General Statutes § 45a-317 allows the administrator of an estate to "take immediate possession of all the real and personal property of the deceased," as well as take other actions necessary for the orderly administration of the estate. In a supplemental memorandum of law, the defendants argue that O'Connor v. Chiascione, 130 Conn. 304, 33 A.2d 336
(1943), reaffirms the duty of the administrator to take possession of the estate to the extent needed to maintain orderly control over it during the administration of the estate.
On February 7, 1996, the defendants filed a motion to strike on the ground of misjoinder seeking to strike "so much of the complaint as references that Mr. Dillman was acting in his capacity as an attorney at law rather than in his capacity as administrator." In its memorandum in support of the motion, the defendants argue that it is clear from the complaint that Dillman is being sued in his capacity as administrator of Rosenthal's estate, and that it is, therefore, improper to join Dillman's law firm as a codefendant, absent any allegation of wrongdoing by the firm. CT Page 4418
In response, Renard argues that he has alleged wrongdoing by the firm in all three counts of the complaint, and that this court must take all those allegations as true for the purposes of the motion to strike. Therefore, Renard argues, the court must deny the defendants' motion to strike.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Alterations in original; citations omitted; internal quotation marks omitted.) Home Ins. Co. v.Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001
(1995).
Practice Book § 380 provides, in part: "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts or testimony under oath, disclosures, written admissions and the like." "Uncertified copies of documents to which no affidavit exists attesting to their authenticity do not constitute proof or documentary evidence for purposes of a motion for summary judgment." (Internal quotation marks omitted; alterations omitted.) Karabelas v. Munson, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 064071 (March 6, 1995, Pickett, J.), quoting Langlais v. Guardian LifeIns. Co., 7 Conn. L. Rptr. 34, 35 (July 7, 1992, Lewis, J.).
Since the copy of Rosenthal's will is not certified or otherwise in evidentiary form, plaintiff's motion is procedurally deficient and must be denied on that basis. Additionally, there exist genuine issues of material fact rendering summary judgment inappropriate in this case. CT Page 4419
General Statutes § 45a-321 provides: "(a) The fiduciary of a decedent's estate shall, during settlement, have the possession, care and control of the decedent's real property . . . unless such real property has been specifically devised or directions have been given by the decedent's will which are inconsistent with this section; but the court may order surrender of the possession and control of such real property to the heirs or devisees, or may, during settlement, order distribution of such real property."[1]
General Statutes § 45a-317 (a) provides: "The temporary administrator or of officer appointed pursuant to the provisions of section 45a-316 shall take immediate possession of all the real and personal property of the deceased, collect the rents, debts and income thereof and do any additional acts necessary for the preservation of the estate that the court authorizes."
Section 45a-317's direction that the administrator take control of the premises and do other acts if "necessary for the preservation of the estate," creates a genuine issue of material fact as to the necessity of Dillman's taking control of the premises. Accordingly, summary judgment is inappropriate at this stage in the proceedings and is, therefore, denied.
Plaintiff contends that the motion to strike should be denied because the court must assume as true his allegations that the firm caused some harm to him as the result of its possession of the premises. This contention is meritless. While it is true that on a motion to strike, the court must view the challenged pleading in the light most favorable to the pleader, plaintiff's assertions do not bring the complaint into the ambit of legal sufficiency.
An examination of the complaint reveals that there are no allegations against the firm itself. The only allegations of the complaint which even mention the firm are paragraphs four and five of count one, which are incorporated by reference into counts two and three. Those paragraphs state, in full:
 4. The Defendant, John M. Dillman, a partner in the law firm, Pinney, Payne, Van Lenten, Burrell, Wolfe 
Dillman (hereinafter "Pinney"), was appointed Administrator c.t.a.d.b.n. of the Estate of Betty Rosenthal by the Redding Probate Court by decree dated December 3, 1993. CT Page 4420
 5. Continuously since the date of such appointment, the said Dillman and Pinney have been in possession of the 33 Giles Hill Road property and denied possession to the plaintiff without legal right to do so.
Thus, contrary to plaintiff's assertions, there are no allegations of wrongdoing by the firm except the allegation that the firm is "in possession" of the premises.
It is not merely enough for a plaintiff to assert that an entity has caused some harm; for an entity to be liable, the plaintiff must assert that persons acting on the entity's behalf caused some harm and that the acts of those persons can, by some legal theory, be attributed to that entity. While plaintiff has alleged that Dillman is a member of the firm and that Dillman is in possession of the premises, the fundamental allegation that is lacking in the complaint is that Dillman is occupying the premises in some official capacity as a member of the defendantfirm. Nowhere in the complaint has Renard alleged that Dillman's acts as the administrator of Rosenthal's estate are legally attributable to the firm.[2] Accordingly, the defendants' motion to strike the firm as a defendant is granted.
Mihalakos, J.