[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action in five counts brought by Robert Messenger against Barry Messenger involving the cutting and removal of trees from a 35 acre parcel of undeveloped land (the parcel) in which the plaintiff has a 50% undivided share. The other 50% undivided share was owned by the plaintiff's now deceased brother, who is the father of the defendant Barry Messenger. Under his father's will Barry Messenger got a one-eighth undivided share of his father's 50% undivided share. Barry Messenger's brother also got a one-eighth undivided share of his father's 50% undivided share of the parcel, which Barry Messenger purchased from his brother's widow.
The father's will was in probate and was uncontested. While the estate was wending its way through probate, Barry Messenger CT Page 8314 contracted with one Carl Crane to harvest 8 acres of standing timber from the parcel. Crane was well experienced in land clearing and harvesting and selectively harvested the older trees from that 8 acre site. The trees harvested had a value of $10,000 as standing trees. The trees, harvested and stacked at a landing for the lumber company to pick up and carry away, had a gross value of $14,644.26. After paying Crane Industries $3,984.90 for the work of cutting and stacking, a balance of $10,659.90 remained.
The first count of the complaint sounds in conversion/theft; the second count claims wilful destruction of property; the third count alleges violation of C.G.S. Section 52-560; the fourth count claims treble damages under C.G.S. Section 52-560; the fifth count claims treble damages under C.G.S. Section 52-564. Counts one, three, four and five are premised on the defendant's having no ownership rights in the parcel from which the trees were harvested. In fact, the defendant had at the time a twelve and one-half percent undivided interest in the parcel and had purchased his brother's twelve and one-half percent interest in the parcel.
Title to real estate vests immediately in a deceased's heirs or in devisees upon the admission of the will to probate. SeeSatti v. Ragu, 186 Conn. 360 (1982) and O'Connor v. Chiascione,130 Conn. 304 (1943). In the instant case the will was in probate and under the terms of the will the defendant Barry Messenger and his brother had each been given a twelve and one-half percent share in the deceased father's fifty percent undivided share in the parcel.
This case was scheduled and heard as a hearing in damages on May 11, 1998. On April 6, 1998, a judgment for default for failure to file an answer was granted and a hearing in damages ordered by Mulcahy, J. . On April 13, 1998 the defendant called the clerks office of this court and advised that he had moved to Vermont a month ago and that the court's notice had gone to his old address and been forwarded to him, thus causing delay in his receipt of it. Whereupon the defendant filed an objection to plaintiff's motion and his response to the plaintiff's allegations.
Under our rules the filing of an answer automatically reopens the default entered for failure to plead. Therefore, this court would not have been precluded from hearing evidence as to CT Page 8315 liability. In fact, because the claim for attorney's fees and for treble damages necessitated getting into the activity resulting in the removal of the trees, the court has before it evidence which bears on liability as well. This includes evidence that there was a will that of the defendant's father; that the will gave the defendant and his brother each a 12 1/2% undivided interest in a 35 acre parcel of land; that the will was in probate; that the defendant hired Crane Industries to selectively cut and haul the cut trees to a landing where they were picked up; the cost of that operation and the profit realized.
The defendant's answer states he advised his uncle of the plan to cut trees and improve an access road.
As to count three, under the provisions of 52-560 of the Connecticut General Statutes there is authority for this court to recognize that the defendant mistakenly believed that as a 25% owner of the parcel he could cut and remove trees from 8 acres of that parcel without infringing on his uncle's rights in the parcel. This court finds there was a lack of understanding on the part of the defendant Barry Messenger of the concept of undivided interest in land. In view of this the measure of damages is reasonable value. Accordingly, the court renders judgment under the provisions of Section 52-560 in favor of that plaintiff in the amount of 50% of $10,659.90 or a judgment in the amount of $5,329.95.
In view of the court's finding as to Barry Messenger's ownership interest in the parcel, a claim of conversion or theft will not lie against the defendant, nor, from the evidence presented, will a claim of wilful destruction of property. This court's finding as to mistake on the part of the defendant precludes awarding treble damages under either C.G.S. § 52-56
or C.G.S. § 52-564.
In summary the plaintiff is awarded under count three judgment in the amount of $5,329.95.
Hennessey, J.