## MOLLIE CORATO
*vs.*
## MARY RAFFONE (RUFFONE)*

Superior Court  New Haven County · File No. 63012

MEMORANDUM FILED FEBRUARY 26, 1943.

*FitzGerald, Foote & FitzGerald,* of New Haven, for the Plaintiff.

*Edward W. Lynch,* of New Haven, for the Defendant.

Memorandum of decision in *scire facias* proceeding.

QUINLAN, J. This is a *scire facias* proceeding in pursuance of our garnishment statute (Gen. Stat. [1930] §5763.) It involves that part of the statute covering "any debt, legacy or distributive share" that is or may become due to a defendant from the estate of a deceased person.

In the original action (No. 55517, Superior Court, New Haven County) this defendant was garnisheed. The defendant debtor in the original action had an interest in the estate of one Peter Corato. The defendant is his administratrix. While our court has construed the word "due" in our foreign attachment statute in the sense of "owing" rather than in the more restricted sense of "payable" (*Finch vs. Great American Ins. Co.,* 101 Conn. 332, 335), nevertheless judgment on *scire facias* cannot be rendered against an administrator before the time when it becomes his duty to deliver to the legatee the distributive share attached. *Johnes vs. Jackson,* 67 Conn. 81, 91.

Under the facts here distribution was ordered after the acceptance of the account on April 19, 1941; hence it was payable. But the defendant says Corato was indebted to her in an amount greater than the amount for which distribution was ordered. We have no decisions that could be located on set-

* *See* 12 Conn. Sup. 13

off in garnishment proceedings. It is true, too, that no claim was ever pressed by this defendant against the debtor. This does not prevent the assertion of a set-off whatever effect it might have on the prosecution of an affirmative claim.

However, until the pleading of set-off is put in the form and substance of such a claim judgment will be withheld.