## MOLLIE CORATO
*vs.*
## MARY RAFFONE (RUFFONE)

Superior Court     New Haven County     File No. 63012

MEMORANDUM FILED APRIL 2, 1943.

*FitzGerald, Foote & FitzGerald,* of New Haven, for the Plaintiff.

*Edward W. Lynch,* of New Haven, for the Defendant.

QUINLAN, J. By a memorandum filed February 26, 1943*, a suggestion was made that if set-off was relied upon the pleadings should be modified. This was done and a re-

* *See* 11 Conn. Sup. 446.

argument asked. A transcript of the relevant testimony was also produced. The debt sought to be set off consists of a rent claim of the administratrix of the estate of Peter Corato. That the rent accrued during the administration seems clear. It is true that section 4956 of the General Statutes, Revision of 1930, gives the possession, care and control to an adminis' trator and provides further that during administration the income shall vest as personal property. Title to real estate vests in the heirs at death. *Stevens vs. Smoker,* 84 Conn. 569, 574; *Remington vs. American Bible Society,* 44 id. 512. This latter case held that the statutory possession and control were for the benefit of the persons entitled to the real estate and that the rents and profits received from it were to be regarded as an incident of the real estate, and if not needed for the payment of debts were to go with it, and did not go to the residuary legatees. In the case at bar there were no debts of the estate, and it does not appear that the rents were necessary for the payment of administration expenses. There can be no set-off.

No circumstances appear which would warrant the imposi' tion of interest (*Candee vs. Skinner,* 40 Conn. 464) and judg' ment may therefore enter for the plaintiff to recover $418.40, the amount of John Corato's distributive share.