WILLIAM H. BRILL ET AL., EXECUTORS (ESTATE OF SARAH G. BRILL), ET AL. *v.* LILA G. ULREY ET AL.

ALCORN, HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued April 10—decided May 6, 1970

*Donald O'Brien,* for the appellants (defendants).

*John C. Dennis,* with whom, on the brief, was *J. Rodney Smith,* for the appellees (plaintiffs).

THIM, J. The issue in this case is whether an executor may institute and maintain an action to quiet title to real estate where there is no allegation that the property involved is needed to satisfy claims against the estate.

The original complaint alleged that the plaintiffs, William H. Brill and Ann F. Graham, were confirmed as executors by the Probate Court; that they were acting in that capacity; that they were in possession of three tracts of land belonging to their decedent, Sarah G. Brill; and that the defendants claimed adverse interests in the land. The defendants demurred to the original complaint on the ground that the executors could not maintain the action since they had alleged neither title nor interest in the land as required by the General Statutes. The court overruled the demurrer.

Subsequent to the ruling on the demurrer, the court granted a motion by Francis A. and Doris G. Boutin to intervene as coplaintiffs. Pursuant to the court's order, the Boutins joined with the plaintiff executors in filing an amendment to the original complaint. The complaint as amended retained the executors' claim to two of the three tracts but set

forth the Boutins' claim to the first tract, which had been allegedly sold to them by the executors prior to the action. The defendants did not demur to the amended complaint, or any portion thereof, but rather pleaded over by way of answer, special defense and counterclaim. The case proceeded to judgment, and the court found title to the lands to be vested in the plaintiffs free from all claims of the defendants. The defendants have appealed to this court from the judgment.

The present appeal, so far as it purports to pertain to the court's failure to sustain the demurrer to the original complaint, must be dismissed. This is so because the plaintiffs' amendment to the original complaint operated as a removal or withdrawal of that complaint and a substitution of the amended version, and accordingly the ruling on the demurrer addressed to the original complaint cannot be made the subject of an appeal. *Rossignol* v. *Danbury School of Aeronautics, Inc.*, 154 Conn. 549, 554, 227 A.2d 418, and cases cited therein. Consequently, we must treat the defendants' appeal as pursuing only the assignment of error which claims that neither the complaint—which we shall construe as meaning the amended complaint for present purposes—nor the evidence warrants the judgment. This claim is based upon the defendants' assertion that the executors failed to claim and prove sufficient interest in the land to satisfy the statute and to be adjudged titleholders.

Section 47-31 of the General Statutes provides that an action to quiet title may only be brought by a "person claiming title to, or any interest in, real or personal property." The purpose of this requirement "is to make certain that a plaintiff has, within the purview of the allegations of his complaint, not

a mere groundless claim but an actual interest in the property sufficient to justify his instituting an action concerning it and asking the court to adjudicate his rights and those of the parties defendant." *Loewenberg* v. *Wallace,* 147 Conn. 689, 692, 166 A.2d 150. The defendants' attack upon the judgment as it relates to the plaintiff executors properly puts in issue the question whether the executors had sufficient interest in the property to bring this action. This is so because "any judgment, to be adequate as such, must conform to the pleadings, the issues and the prayers for relief." *Verraster* v. *Tynan,* 152 Conn. 645, 648, 211 A.2d 150. "It is incumbent on a plaintiff to allege some recognizable cause of action in his complaint. If he fails so to do, it is not the burden of the defendant to attempt to correct the deficiency, either by motion, demurrer or otherwise." *Stavnezer* v. *Sage-Allen & Co.,* 146 Conn. 460, 461, 152 A.2d 312. Thus, failure by the defendants to demur to any portion of the amended complaint does not prevent them from claiming that the executors had no cause of action and that a judgment in their favor was not warranted.

We have permitted the representative of the estate of a deceased person to maintain an action to quiet title under three separate circumstances. In *Munger* v. *Doolan,* 75 Conn. 656, 662, 55 A. 169, we held that an administrator has sufficient interest in the realty to bring an action to quiet title if the property is needed to satisfy a claim against the estate. In *Miner* v. *Miner,* 137 Conn. 642, 646-47, 80 A.2d 512, the decedent himself had instituted an action to quiet title prior to his death, and we permitted his administrator c.t.a. to prosecute the case to judgment under authority of what is now General Statutes § 52-599. And most recently, in *Pigeon* v.

*Hatheway,* 156 Conn. 175, 176–77, 239 A.2d 523, we allowed an executor to institute a suit under the theory that the cause of action was actually one to quiet title of personalty under the doctrine of equitable conversion, since the validity of an option to purchase real estate was being tested.

Where, however, an executor seeks to institute and maintain an action to quiet title to real property without alleging and proving that the property is needed to settle claims against the estate, we do not think that the statutory requirement of interest in the property is sufficiently met. In *O'Connor* v. *Chiascione,* 130 Conn. 304, 306–8, 33 A.2d 336, our learned former Chief Justice Maltbie described an executor or administrator's interest in real estate as follows: "On the death of an owner, title to real estate at once passes to his heirs, subject to being defeated should it be necessary for the administration of the estate that it be sold by order of the court, and subject to the right of the administrator to have 'possession, care and control' of it during the settlement of the estate, unless the probate court shall otherwise order. . . . The administrator does not have title to the real estate; . . . his rights in it cease at the settlement of the estate . . . . An administrator does not hold possession of real estate under the heirs, nor do they derive their title or their right to ultimate possession from him; on the contrary, his possession is in a sense hostile to their interests."

The *O'Connor* decision makes it clear that the power of "possession, care and control" granted to an executor under General Statutes § 45-252 over real estate during the settlement of an estate is given only to protect the rights of creditors. See also *Hardy* v. *Scott,* 127 Conn. 722, 723, 19 A.2d 420.

The executor's power is in derogation of the rights of the heirs, and since it is so limited in purpose, it is properly exercised only when the exigencies of the estate so require. Where, as in the instant case, no allegation is made that the property is needed to meet claims against the estate, there can be no occasion to permit the exercise of the executor's power. The court below committed error, therefore, when it rendered a judgment partially in favor of the executors, who did not have a cause of action. It should also be observed that the judgment as rendered by the court purports to quiet title in "the plaintiffs", which would necessarily include the executors. Even had the executors stated a cause of action in their complaint, the record fails to reveal that they had any interest in the land other than their statutory right of temporary possession and control, and thus the judgment as to them was also defective as being unsupported by the evidence.

The intervening plaintiffs, who alleged title to the first tract in the amended complaint, did properly state a cause of action under § 47-31. Furthermore, the defendants do not pursue any assignment of error directed to that portion of the judgment which is in favor of the Boutins, the intervening plaintiffs. Nevertheless, we must direct that the judgment be modified as it applies to the Boutins, since it fails to describe clearly which tracts, tract, or portion thereof is quieted in them. See such cases as *Marquis* v. *Drost,* 155 Conn. 327, 333, 231 A.2d 527, and *Lake Garda Improvement Assn.* v. *Battistoni,* 155 Conn. 287, 295, 231 A.2d 276. The judgment recites that all the allegations of the complaint, which we shall treat as referring to the amended complaint, were found by the court to be true. Although we have held that the executors were not entitled to

a judgment, the decision on the amended complaint does reveal that the Boutins are entitled to a judgment in their favor quieting title in them to the first tract as described in the judgment, free from all claims of the defendants. To this extent the judgment must be corrected to indicate such a result with greater clarity.

The judgment as rendered further recites that the court found for all plaintiffs on the counterclaim, and we see no reason to disturb this conclusion. Since the defendants did not appeal from this aspect of the judgment, and since they had the benefit of a full hearing on the merits, the finding that the defendants have no interest in any of the three tracts may stand.

There is error, the judgment is set aside and the case is remanded with direction to render judgment refusing to quiet title to the second and third tracts in either the plaintiff executors or the defendants and quieting title to the first tract in the plaintiffs Boutin.

In this opinion the other judges concurred.