[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE CT Page 1366
The plaintiff, Gary Birdsall, filed a two count complaint against attorney defendants John Haymond, David Haymond, Samuel Fried and Christopher Faille. In count one, plaintiff alleges that defendants represented plaintiff and plaintiff's passenger, Gloria Henderson, after they were in a traffic collision involving plaintiff's motorcycle. Plaintiff further alleges in count one that defendants "illegally solicited Mr. Birdsall and Ms. Henderson through harassment, phone calls, false promise, gifts and other violations of law." Complaint, paragraph 4. The gravamen of count one appears to be the following:
 5. Section 42-110a et. seq., of the Connecticut General Statutes and Rule 1.7, 1.8, 1.9 and 4.2 or the Rules of Professional Conduct mandate fair representation of parties in motorcycle collisions and bars ex parte communications with passengers by attorneys who represent drivers with other attorneys and who are already represented as passengers and have adverse interests to the attorney's clients [sic].
 6. The defendants knew or should have known of the existence of the Connecticut Unfair Trade Practice Act and the professional rules of ethics and other laws mentioned above [sic].
 7. The defendants have in the past and the presently [sic] continue to communicate with adverse clients unlawfully.
 8. The defendants are in violation of Section 42-110a et. seq., of the Connecticut Unfair Trade Practice Act CT Page 1367 and the Rules of Practice for Attorneys. The defendants have in the past routinely advertised falsely and solicited business illegally [sic].
Complaint, paragraphs 5 through 8.
Count two, which incorporates all of count one, is a class action claim "on behalf of the entire class of people similarly situated, consisting of all those victims and clients of the defendants in the State of Connecticut and outside thereof, past, present and future who have ascertainable losses due to the defendants illegal solicitation and dual representation, false advertising and other unfair acts or practices." Complaint, paragraph 11. Plaintiff alleges in count two that "defendants have in the past and presently continue to collect fees for illegal dual representation and other violations of law," and that such "overcharging and other violations are violations of" the Rules of Professional Conduct and the Connecticut Unfair Trade Practices Act ("CUTPA"). Complaint, paragraphs 17 through 19.
On September 30, 1992, plaintiff also filed an application for a temporary injunction to prohibit "defendants from misrepresenting clients and improperly communicating with and soliciting clients." Complaint, Prayer for Relief. On November 5, 1992, the application was denied by this court, Hodgson, J.
On November 25, 1992, defendants filed a motion to strike the entire complaint and an accompanying memorandum of law on the grounds that failure to comply with the Rules of Professional Conduct cannot give rise to a civil action, and that the CUTPA allegations have not been filed with particularity.
On December 10, 1992, plaintiff filed a Motion in Opposition to Defendants' Motion to Strike and a memorandum of law.
The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). Specifically, a motion to strike is the proper manner in which to raise the legal sufficiency of the allegations of "any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . ." Practice Book 152(1). "`It is incumbent on a plaintiff to allege some recognizable cause of action in his complaint.'" (Citation omitted.) Brill CT Page 1368 v. Ulrey, 159 Conn. 371, 374, 269 A.2d 262 (1970).
In arguing the grounds for their motion to strike in their supporting memorandum, defendants primarily rely on Noble v. Marshall, 23 Conn. App. 227, 579 A.2d 594 (1990), which is dispositive on the issue of whether alleged violations of Rules of Professional Responsibility can give rise to a CUTPA claim.
Plaintiff attempts in his memorandum of law to distinguish Noble from the case at bar, but does not cite any authority for the argument. Plaintiff also argues extensively that CUTPA applies to attorneys. However, the issue of whether CUTPA applies to attorneys is not in dispute and is not before this court.
The preamble to the Rules of Professional Conduct, inter alia, states the following:
 Failure to comply with an obligation or prohibition imposed by a Rule is a basis for invoking the disciplinary process. . . .
 Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule. Accordingly, nothing in the Rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary CT Page 1369 consequences of violating such a duty.
Practice Book, Rules of Professional Conduct (1986) Preamble.
The supreme court in Mozzochi v. Beck, 204 Conn. 490,529 A.2d 171 (1987), reviewed the narrow issue of whether a violation of the Rules of Professional Conduct can give rise to a third party cause of action. The court held:
 We recognize that the rules of practice and the codes adopted by the judges of the Superior Court have the force of law. Courts in other jurisdictions have refused to interpret statutes that govern attorney conduct so as to give rise to actions of malpractice. Despite its legally binding status in this state, we conclude that the [Rules of] Professional Responsibility [do] not of [themselves] give rise to a third party cause of action.
(Citations omitted) Id., 501 n. 7.
In Noble v. Marshall, supra, the court of appeals applied the holding of Mozzochi in the broader context of whether the Rules of Professional Responsibility can give rise to a direct party cause of action. Moreover, Noble specifically addressed the issue of whether a violation of the Rules can create a cause of action under CUTPA. The court held:
 While we recognize the narrow structure of the holding of Mazzochi, we conclude that the rules of Professional [Responsibility] do not of themselves give rise to a cause of action, even to an attorney's client. The rules that have been adopted by the judges of the Superior Court have the force of law but they were not intended to create a private cause of action under CUTPA.
(Citation omitted.) Noble v. Marshall, supra, 231.
The plaintiff claims defendants violated the rules of CT Page 1370 Professional Conduct in several ways, and that the alleged violations constitute unfair trade practices within the purview of CUTPA. However, Noble clearly holds that plaintiff cannot recover for alleged violations of the Rules of Professional conduct in a cause of action, and specifically a CUTPA action. Accordingly, the court finds the plaintiff has failed to state a claim upon which relief can be granted, and that defendants' motion to strike the entire complaint on that ground is granted.
Since Noble is fully dispositive of defendants' motion to strike, it is unnecessary to reach defendants' other ground for the motion, that plaintiff did not plead CUTPA with particularity.
Richard J. Stanley, Judge