[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 5, 1987, the plaintiff Rosemarie Patrizio filed a two count complaint sounding in negligence against defendants Stephen Brown, d/b/a Admiral Carpet Specialists (Brown), and CT Page 3910 Coldwell Banker Residential Real Estate, Inc. (Coldwell) for injuries she allegedly sustained when she slipped and fell on imperceptible glue applied by Brown to the floor in Coldwell's office. On February 10, 1988, the court, Cioffi, J., granted Coldwell's motion to intervene as a co-plaintiff in Patrizio's action. The intervening complaint filed by Coldwell alleges that it employed Patrizio, and as a result Coldwell has paid workers' compensation benefits for Patrizio's injury for which it seeks reimbursement. On March 1, 1989, Patrizio withdrew the action as to Coldwell.
On January 27, 1992, Brown filed a counterclaim against intervening plaintiff Coldwell seeking indemnification on a theory of active/passive negligence. On August 26, 1992, Coldwell answered Brown's counterclaim and asserted three special defenses. In the first special defense, Coldwell alleges that Brown's indemnification claim is barred by General Statutes 31-284, the Workers' Compensation Act. In the second special defense, Brown alleges that the counterclaim is barred by the statute of limitations. In the third special defense, Brown alleges Patrizio's contributory negligence. Coldwell has now moved for summary judgment on the counterclaim on the ground that the claim for indemnification "is barred by the exclusivity provisions of the Workers' Compensation Statutes."
The summary judgment motion "is a method of resolving litigation when pleadings, affidavits, and other proof submitted show that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279, 576 A.2d 829
(1989). Therefore, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact. Connell v. Coldwell, 214 Conn. 242, 246, 571 A.2d 116 (1991). The proper way to have tested the legal sufficiency of the complaint would have been by a motion to strike before the pleadings were closed or, after an answer had been filed, by a motion for summary judgment. Brill v. Ulrey, 159 Conn. 371, 374, 269 A.2d 262 (1959). Thus, a motion for summary judgment may be used to attack the legal sufficiency of a pleading. Boucher Agency, Inc. v. Zimmer,160 Conn. 404, 409, 279 A.2d 540 (1971).
Coldwell argues that defendant Brown's counterclaim is barred by the exclusivity provision of the Workers' Compensation Act and that summary judgment should be granted because the counterclaim merely pleads active/passive negligence and fails to allege the CT Page 3911 existence of an independent legal relationship between itself as the intervening plaintiff and Brown. Defendant Brown argues that Coldwell's motion for summary judgment should be denied because where a party seeks indemnity by way of a third party complaint from the plaintiff's employer, an action for indemnification is not barred by the exclusive remedy provision of the Workers' Compensation Act so long as it can be shown that the employer breached an independent duty to the third party plaintiff.[1] Brown further argues that a contract did exist between himself and Coldwell and that defendant Coldwell dishonored a contractual provision of the contract. In support of his argument Brown filed an affidavit in which he attests that he and Coldwell had a contract whereby he was to install carpeting at the site where plaintiff's accident occurred.
In the present case, defendant Brown argues in his memorandum and attests in his affidavit that he and Coldwell had a contract. Brown contends that his right to indemnity springs from this contract. Although Brown argues and attests in his affidavit that there was a contract between him and Coldwell, the counterclaim contains no allegation of a contract or claim that any independent legal relationship exists between the parties.
 "When the third party, in a suit by the employee, seeks recovery over against a contributorily negligent employer, contribution [or indemnification] is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate contractual relation. . . ."
(Citations omitted). Ferryman v. Groton, 212 Conn. 138, 144-45,561 A.2d 432 (1989). "The purpose of pleading is to apprise the court and opposing counsel of the issues to be tried, not to conceal basic issues until the trial is under way." (Citations and internal quotation marks omitted). Lamb v. Burns, 202 Conn. 158,172, 520 A.2d 190 (1987). "It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint." (Citations and internal quotation marks omitted). Id. Therefore, since defendant Brown's recovery is limited by the CT Page 3912 allegations of his counterclaim and since he failed to allege a contract in his counterclaim, his indemnification claim is barred by the exclusivity provision of the Workers' Compensation Act. Accordingly, Coldwell's motion for summary judgment is granted.
So Ordered.
Dated at Stamford, Connecticut this 23rd day of April, 1993.
WILLIAM BURKE LEWIS, JUDGE