[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Dwight Fontenot, is the administrator of the estate of Regina S. Brown. In his amended complaint, he alleges that the decedent and the defendant were divorced on April 22, 1988, and that pursuant to the divorce judgment, the decedent was awarded a twenty-five percent interest in certain real estate owned by the defendant in the town of Newtown. He seeks a partition and sale of the Newtown property and an accounting of the defendant's rental income. The defendant has filed a motion to dismiss for lack of subject matter jurisdiction.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot
as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). "The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46
n. 13 (1995). "[S]tanding . . . implicates a court's subject matter jurisdiction. . . ." Stamford Hospital v. Vega,236 Conn. 646, 656 (1996).
Section 45a-321 (a) of the General Statutes provides that "[t]he fiduciary of a decedent's estate shall, during settlement, have the possession, care and control of the decedent's real property, and all the products and income of such real property during such time shall vest in the fiduciary as personal property. . . ." Our Supreme Court has stated that "the power of `possession, care and control' granted to [a fiduciary] under . . . [§ 45a-321 (a)] over real estate during the settlement of an estate is given only to protect the rights of creditors." The court emphasized that "[w]here, as in the instant case, no allegation is made that the property is needed to meet claims against the estate, there can be no occasion to permit the exercise of the [fiduciary's] power." Brill v. Ulrey,159 Conn. 371, 375-76 (1970). Moreover, our Appellate Court, relying onBrill, specifically held that an administrator who alleges CT Page 10555 nothing more than tenancy in common lacks standing to seek a partition and sale of real estate pursuant to §§ 52-495 and52-500 of the General Statutes.[1] Claydon v. Finizie,7 Conn. App. 522, 524-26 (1986). Rents and profits received from a decedent's property are considered to be incident to the real estate, and, if not need for the payment of the estate's debts, remain with that estate. Remington v. American Bible Society,44 Conn. 512, 517-18 (1877); Corato v. Raffone,12 Conn. Sup. 13, 14 (1943).
The administrator has not alleged that the property or rental income is needed to settle claims against the estate. He, therefore, lacks standing to bring this action and the motion to dismiss must be granted.
Moraghan, J.