[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTIONS TO STRIKE
The defendants have moved to strike Count Three of the plaintiffs' complaint; this count claims that damages ought to be paid to a parent for the loss of services of an injured child, as well as medical bills. The motion to strike claims that Mendillo v. Board of Education,246 Conn. 456 (1998), and subsequent authority bar recovery for loss of filial consortium, and that § 52-204 of the General Statutes bars the recovery of medical bills by a parent when the same item is claimed on behalf of the child. Observing that the defendants filed previous motions to strike, the plaintiffs strenuously argue, in addition to the merits, that the rules of practice forbid successive motions to strike.
Both plaintiffs previously moved to strike the fourth, sixth and seventh counts of the complaint. The fourth and sixth defenses alleged bystander emotional distress; I granted the motion which had been brought by the Taylor defendants as to those defenses. The Morosky defendants had not claimed the motion to the short calendar. I did not rule on the motion to strike the seventh count, which alleged loss of filial CT Page 7453 consortium, because it was not briefed. As I indicated in a footnote: "Although the motion to strike includes reference to Count seven, neither side addresses the count in any detail in argument. Claims for loss of consortium in this context would seem to be foreclosed by Mendillo v.Board of Education, 246 Conn. 456 (1998). In the context of this motion, however, I am not ruling on this count."
There are Superior Court decisions both prohibiting and allowing successive motions to strike. The matter clearly is subject to discretionary rulings by the court. It seems to me, from a reading of all the authority provided by the parties and more, that the better policy is not to allow successive motions unless there is some factor militating in favor of deciding the second motion and no compelling reason not to hear the motion. A substantial factor ought to be whether a party would be severely compromised by, and injustice would result from, not allowing a second motion.
In this case, I expressly left open the issue of filial consortium, at least in the context of the seventh count, because it had not been briefed or argued. I also technically never decided the Morosky defendants' first motion to strike, because it had not been claimed for the same calendar. Although these factors are not overwhelmingly compelling, they are factors similar to those which apparently motivated the results in D.A.N. Joint Venture II v. Tunxis Management Co., 1998 WL 918798 (Peck, J.) (1998), Chinnici v. Breakwater Key, Inc., 1995 WL 491397 (Tobin, J.) (1995), Knickerbocker v. Village ApartmentsProperties, Inc., 7 Conn.L.Rptr. 414 (Pickett, J.) (1992); and GEEnterprises v. Automart, Inc., 1993 WL 181887 (Ballen, J.) (1993). Where some issue is left open by the decision on the first motion to strike, there may be some justification for revisiting the motion to strike stage of the proceedings, at least where no answer has been filed and no motion has been made to compel the filing of an answer.
A second consideration is whether there is a significant reason not to hear the motion.[1] Obviously the pleadings are not closed and the case has not been claimed for trial. It is possible that there would be no prejudice in not hearing the motion, in that perhaps the plaintiff could be put on notice of the claim that no claim has been made on which relief may be granted; see, e.g., Brill v. Ulrey, 159 Conn. 371, 373-74 (1970),Robert S. Weiss Associates v. Wiederlight, 208 Conn. 525, 535 n. 5 (1988); and if the issue could simply be raised in a slightly different vehicle, there would be no prejudice in denying the motion to strike on procedural grounds. But there is some risk that the issue may be deemed waived. See, e.g., Kent v. Sartiano, 1997 WL 325396 (Blue, J.) (1997). There doesn't seem to be any reason, other than the general rule, for not hearing the motion. As a practical matter, it is sensible to address the CT Page 7454 issue on the merits, rather than to pass it on to another day.
I will, then, turn to the merits of the motion to strike. As noted above, two sorts of damages are claimed in count three: parental loss of services of the injured child and medical bills incurred in treating the child. I find the loss of services claim to be indistinguishable analytically from loss of consortium, and the motion to strike as to that claim is granted. Mendillo v. Board of Education, supra. Because the claim for medical bills is made elsewhere, there is no reason to assert them in this count; see § 52-204 of the General Statutes; and no claim is then made on which relief can be granted.[2]
The motion to strike is granted.
Beach, J.