[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court has granted the defendants' motion to strike the plaintiff's complaint on various grounds. The plaintiff has filed various subsequent motions for oral argument and for reconsideration or at least a memorandum of decision.
The court hereby grants the plaintiff's motion for a memorandum of decision in this case. The defendants have moved the court for an order to strike the complaint on the grounds that it fails to state a claim upon which relief can be granted and that it is totally without merit. In addition, the defendants claim that the action should also be dismissed because the plaintiff has failed to allege exhaustion of administrative remedies and finally on the grounds of qualified immunity.
The court finds that the plaintiff has made allegations that improper amounts were taken from his account. His alleged damages consists of claims in the amount of $2.80 and $7.75 that he claims were wrongfully taken out of his "PLRA account." The complaint does not allege that this was done intentionally, but as a result of a misunderstanding between the plaintiff and personnel handling inmate accounts. The two named defendants are not alleged to have had any personal involvement of the handling of the plaintiff's account.
It is well settled that while a motion to strike admits facts well pleaded, it does not admit legal conclusions, Verdon v. TransamericaCT Page 17345Insurance Company, 187 Conn. 363, 365 (1982). Although the trial court may not look beyond the complaint for facts not alleged, should the plaintiff fail to plead a recognizable cause of action, "it is not the burden of the defendant to attempt to correct the deficiency either by motion, demurrer or otherwise." Grill v. Ulery, 159 Conn. 371, 374
(1970).
In this case, the court finds that the plaintiff has failed to sufficiently plead a cause of action against either of the defendants. More specifically, the plaintiff has failed to present any cognizable issue to this court, therefore, the court must strike the plaintiff's complaint.
The defendants also are immune from suit for money damages in as far as they are sued in their official capacities. The defendant, George Wezner, is the warden at Corrigan Correctional Center and that Commissioner John Armstrong is the Commissioner of the Department of Correction. Neither of them were personally involved in the matters complained of by the plaintiff.
In Connecticut, it is well established that a suit against a state official in his or her official capacity is, in actuality, a suit against the state, and the state is the real party in interest, thus sovereign immunity extends to suits against state officials in their official capacity. Random v. Holt, 469 U.S. 464, 471 (1985) and Shiff v.Carrigan, 625 F. Sup. 704, 707 (D.Conn. 1986). It is also well established that the doctrine of sovereign immunity is embodied by theEleventh Amendment of the United States Constitution which precludes a suit for damages against a state or its agencies brought pursuant to § 1983. Edelman v. Jordan, 415 U.S. 651, 677 (1974). Also in Connecticut, an abrogation of sovereign immunity may take the form of a claim presented to the Connecticut Commissioner of Claims pursuant to Connecticut General Statutes § 4-141 et seq. In the absence of either exception to the sovereign immunity of the State of Connecticut, theEleventh Amendment to the United States Constitution bars any claim against the state or a state official in their official capacity for money damages. In the instant case, the plaintiff has alleged no statutory or other consent to suit, and thus any and all claims for damages against the defendants sued in their official capacity must be dismissed.
The plaintiff has also failed to present any cognizable legal theory for damages against the defendants, Wezner and Armstrong. He does not allege that they have implemented policies resulting in any error with regard to the plaintiff's accounts or that they were in any way aware of what sounds like an accounting error. There is no legal authority of any CT Page 17346 kind for an action like this against these two defendants. Again, for this reason also, the complaint is stricken.
Furthermore, the plaintiff's cause of action must be dismissed since he has failed to allege exhaustion of administrative remedies. The Prison Legal Reform Act of 1985 ("PLRA") provides that no action shall be brought with respect to prison conditions under § 1983 of this title or any other federal law by a prisoner confined in any jail, prison or other correctional facility until administrative remedies are exhausted.42 U.S.C. § 1997e(a). The intended purpose of the PLRA was to limit frivolous prisoner suits which compromise a disproportionate percentage of all cases filed in the United States. Under the Prison Legal Reform Act, this complaint must be dismissed as to all defendants because the plaintiff failed to allege that he filed a grievance with regard to any of the wrongdoings he perceives and alleges in his complaint. "A prisoner is precluded from filing a § 1983 action concerning prison conditions until such administrative remedies as are available have been exhausted."42 U.S.C. § 1997e(a). Nieves v. Polombo, Civ. #3:96CV-1389 (DJS) (D.Conn., December 18, 1997).
Finally, the doctrine of qualified immunity protects government officials from civil suits arising from the performance of their discretionary functions when that performance "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The doctrine of qualified immunity for governmental officials does not only serve as a defense from liability, but also to dismiss an action prior to the commencement of discovery when the plaintiff has failed to claim the violation of a clearly established law or to allege the clear violation of a constitutional right. Behrens v. Pelletier, 516 U.S. 299,306 (1996). Accordingly, the defendants' motion to strike the plaintiff's complaint is hereby granted.
D. Michael Hurley Judge Trial Referee