[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs move to strike all of the special defenses filed by the defendants. On September 9, 2002, the court heard argument on this motion.
The complaint contains six counts alleging violations of various federal and state constitutional rights and also seeks a declaratory judgment and mandamus under General Statutes §§ 22a-44 and 22a-42
(c). The defendants have asserted the special defenses of the failure to state a claim upon which relief may be granted as to all counts of the complaint; a special defense of federal immunity as to counts one, two, five, and six; and a claim of governmental immunity as to counts five and six.
 I
Turning to the viability of a special defense of failure to state a claim upon which relief may be granted, the court agrees with the plaintiffs that such an assertion as a special defense is both unnecessary and serves no legitimate pleading purpose. It is simply a legal conclusion unescorted by any factual allegation. Under Practice Book § 10-50, special defenses allege "[f]acts which are consistent with [the plaintiffs allegations] but show, notwithstanding, that the plaintiff has no cause of action." A mere expression of the deficiency of the plaintiffs' statements fails to assert facts which show that the plaintiffs have no cause of action.
Special defenses fall into two categories: matters of discharge, such as payment; and matters of justification or excuse, such as self-defense. E. Stephenson Connecticut Civil Procedure, (3d Ed. 1997) § 83 a, p. 243. A bare claim that the plaintiffs' complaint fails to state a valid cause of action cannot be categorized as a defense of discharge, justification, or excuse. This sort of pleading calls for no response by the plaintiff. CT Page 11648
Such a special defense is also superfluous. The plaintiff always bears the onus of alleging and proving a cognizable cause of action. A defendant has no obligation to attempt to address or rectify the failure of a plaintiff in this regard "by motion, demurrer or otherwise." Brillv. Ulrey, 159 Conn. 371, 374 (1970). The defendant can raise this defect by way of summary judgment, evidentiary objection, or motion during or after trial.
 II
As to the special defenses of federal and governmental immunity, the plaintiffs attack the defendants' pleadings because of the absence of any allegation of facts supporting immunity. Practice Book § 10-1
requires that "each pleading shall contain a plain and concise statement of the material facts on which the pleader relies. . . ." These special defenses are bereft of any underlying facts which generate immunity. For instance, if immunity is based on the performance of a discretionary act, that act should be specified. If the defense is based on statutory privilege, the facts necessary to satisfy the statute must be alleged.
For these reasons, the motion to strike the special defenses is granted.
Sferrazza, J. CT Page 11649