[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant, Ernst Young LLP ("Ernst Young"), has moved to strike all counts of the Fourth Revised Complaint dated April 10, 2002 on the grounds that they fail to state a cause of action.
 Allegations of the Complaint
The Fourth Revised Complaint (the "Complaint") alleges that the plaintiffs are 46 shareholders of Microbyx Corporation, a publicly-held company. Ernst Young, an accounting firm, is alleged to have produced certain audited and unaudited financial statements of Microbyx between 1987 and 1993. The plaintiffs allegedly invested in Microbyx based on reports prepated by Ernst Young regarding those financial statements. The plaintiffs claim that those reports were false and misleading because, among other things, they failed to disclose that John and Constance Andresen, the controlling shareholders and officers of Microbyx, were misusing corporate funds.
The Complaint alleges, inter alia:
14. Microbyx is the owner of certain patents for a medical tampon device ostensibly designed to collect menstrual fluid to be analyzed for the presence of various diseases.
15. From 1976 to the present, Microbyx has never manufactured or sold any product utilizing any of its patents.
. . .
24. At all times relevant hereto, Microbyx's only source of funds have come from investors like the plaintiffs.
25. At all times relevant hereto, Microbyx's only true business was to CT Page 3884 raise money from investors by selling its stock warrants and debentures through the use of audited financial statements containing the representations by defendant that the financial statements fairly and adequately reflected the financial condition of Microbyx.
. . .
27. At all times relevant hereto, John and Costance Andresen controlled Microbyx corporate functions and its finances.
. . .
31. Sarles Associates is an entity which ostensibly was established and existed for the financial benefit of the Andresen children. At all times relevant hereto, the Andresens controlled Sarles and its finances.
. . .
42. Sarles was a vehicle for siphoning funds from Microbyx to John and Constance Andresen. John and Constance Andresen considered Sarles to be their personal checking account. Through Sarles, John Andresen and Constance Andresen used Microbyx shareholder funds to pay their personal expenses.
. . .
49. From 1990 to 1994, Microbyx (through John and/or Constance Andresen) paid a total of approximately $1,056,445 directly to or for the financial benefit of, John and Constance Andresen. That amount represents about 80% of the approximately $1,319,647 which was invested during that period by Microbyx investors, including plaintiffs herein . . .
50. The information contained in paragraphs 44 through 49 above was contained in the books and records that Ernst Young reviewed in connection with its audit procedures and the preparation of unaudited financial statements on behalf of Microbyx.
51. Ernst Young failed to disclose the information contained in paragraphs 44 through 49 above by disclosure in the footnotes to the financial statement, in its opinion concerning the fairness of the representations contained in the financial statements, through reclassification of expenses as loans or compensation to the Andresens or by the rendition of written advice to the board of directors.
. . . CT Page 3885
61. Ernst Young knew that investors and potential investors in Microbyx would rely on the opinions of the auditors with respect to the fairness and accuracy of the financial information presented therein in making their investment decisions.
62. The plaintiffs in fact did justifiably rely on Ernst Young's opinions of the fairness and accuracy of the information contained in the audited and unaudited financial statements of Microbyx when they each decided to make his or her investment in Microbyx stock, warrants or debentures, and continues to rely upon the continuing representations by defendant as their auditor that the opinions expressed were the result of audits conditions in accordance with professional standards and that defendant maintained the requisite independence to undertake audit engagements.
 Discussion of the Law and Ruling
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 10-39; Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989); Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). In deciding a motion to strike the trial court must consider as true the factual allegations, but not the legal conclusions set forth in the complaint. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990); Blancato v. Feldspar Corp., 203 Conn. 34, 36,522 A.2d 1235 (1987).
The court should view the facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them. Dennison v. Klotz,12 Conn. App. 570, 577, 532 A.2d 1311 (1987). In ruling on a motion to strike, the court must take as admitted all well-pled facts, and those necessarily implied thereby, and construe them in the manner most favorable to the pleader. Norwich v. Silverberg, 200 Conn. 367, 370,511 A.2d 336 (1986).
"It is incumbent on a Plaintiff to allege some recognizable cause of action" in the complaint and it is not the burden of the defendant to attempt to correct the deficiency. Brill v. Ulrey, 159 Conn. 371, 374,269 A.2d 262 (1970). A motion to strike is an appropriate means of presenting to the court legal issues at the outset of litigation. Gordonv. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). "Whenever a party wishes to contest . . . the legal sufficiency of any such complaint . . . or any count thereof, because of the absence of any necessary party . . . that party may do so by filing a motion to CT Page 3886 strike the contested pleadings or part thereof." George v. St. Ann'sChurch, 182 Conn. 322, 325, 438 A.2d 97 (1980).
The defendant argues that Count One, which asserts a claim for fraudulent misrepresentation should be stricken because it fails to adequately allege the plaintiffs' reliance on the defendant's allegedly false representations. The Connecticut Supreme Court has repeatedly held that the essential elements of an action in fraudulent misrepresentations are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury. BarbaraWeisman, Trustee v. Kaspar, 233 Conn. 531, 539, 540, 661 A.2d 530
(1995); Billington v. Billington, 220 Conn. 212, 217, 595 A.2d 1377
(1991); Kilduff v. Adams, Inc., 219 Conn. 314, 329, 593 A.2d 478 (1991);Maturo v. Gerard, 196 Conn. 584, 587, 494 A.2d 1199 (1985).
The defendant argues that this case involves 46 plaintiffs who allege no facts at all showing whether and how each plaintiff relied upon any purported misstatements made by Ernst Young, when any plaintiff purchased an interest in Microbyx, or even that any plaintiff read the allegedly false reports. While the plaintiffs do not allege when they purchased their interests or whether they read the allegedly false reports, they do allege that they relied on Ernst Young's purported misstatements when they purchased their interests. In ruling on a motion to strike the court must construe the allegations of the complaint in a manner most favorable to the plaintiffs. When the Complaint is construed in such a manner, it does allege that each plaintiff relied on the allegedly false representations. Therefore, the motion to strike the First Count is denied.
The Third Count alleges negligent misrepresentation. The Supreme Court has held that one who, in the course of his business, profession or employment, supplies false information for the guidance of others in their business transactions, is subject to liability for loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information. Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559,575, 657 A.2d 212 (1995). The defendant argues that the Third Count also lacks the requisite allegation of reliance. The court disagrees for the same reasons given with respect to the First Count. Therefore, the motion to strike the Third Count is also denied.
The Second Count alleges a claim for gross negligence. Connecticut does not recognize an independent cause of action for gross negligence. DeckerCT Page 3887v. Roberts, 125 Conn. 150, 157, 3 A.2d 855 (1939); Wright, et al, Connecticut Law of Torts, § 30, .42 (3d ed. 1991 Supp. 2001). In Decker the plaintiff asserted claims for negligence, gross negligence and wanton misconduct arising out of an automobile accident. The Court held that the complaint actually alleged only two causes of action, for negligence and wanton misconduct, and explained:
In so far as the complaint attempted to allege a cause of action based upon gross negligence it added nothing to the allegations of negligence . . . [G]ross negligence has never been recognized in this state as a separate basis of liability in the law of torts.
125 Conn. at 157.
Therefore, the motion to strike the Second Count is granted.
In the Fourth Count the plaintiffs assert a claim for breach of the duty of good faith and fair dealing. "The implied covenant of good faith and fair dealing requires faithfulness to an agreed common purpose and consistency with the justified expectation of the other party in the performance of every contract . . . Essentially, it is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended." SouthbridgeAssociates, LLC v. Garofalo, 53 Conn. App. 11, 16, 728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999); Lasalle National Bank v.Freshfield Meadows, 69 Conn. App. 824, 834, 796 A.2d 625 (2002). In every contract "there is an implied covenant that neither party will do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Williston on Contracts (Fourth Ed. 2000), Vol. 13, § 38:15, p. 437.
The plaintiffs do not allege that they were parties to any contract with Ernst Young, but, instead, attempt to base the duty of good faith on their status as shareholders of Microbyx, with which Ernst Young did have a contract. The plaintiffs have presented no law of this state which so extends the duty of good faith and fair dealing. The motion to strike the Fourth Count is granted.
 By the court, Aurigemma, J.
CT Page 3888