ANDREW WILSON *v.* THOMAS W. BRADLEY ET AL.

Memorandum filed January 5, 2007

*Michael Cahill,* for the plaintiff.

*Milano & Wanat,* for the named defendant et al.

*Donahue, Durham & Noonan, PC,* for the apportionment defendant Daniel Haseltine.

AURIGEMMA, J. The defendants, Thomas W. Bradley and Annette L. Bradley, have moved to strike count two of the revised complaint dated September 11, 2006 (complaint) filed by the plaintiff, Andrew Wilson, and the corresponding prayer for relief on the grounds that that count purports to state a cause of action for a violation of General Statutes § 30-86 but there is no private right of action under that statute.

I

DISCUSSION

The first count of the complaint alleges that on November 25, 2004, Thomas Bradley, the son of the defendants, hosted a party at the defendants' premises and invited numerous friends, including the plaintiff and Daniel Haseltine and, with the permission and consent of his parents, provided food, beverages and alcohol to these friends. It further alleges that all of the invited guests at the party were under the legal drinking age and many were consuming alcohol. Many of the

guests, including Haseltine, became intoxicated and continued to consume alcohol. While he was intoxicated, Haseltine grabbed a large champagne bottle and bludgeoned the plaintiff in the head, injuring him. The first count of the complaint alleges that the plaintiff's injuries were the result of the negligence of the defendants.

The second count of the complaint contains the same factual allegations as the first, but instead of alleging that the plaintiff's injuries were the result of the defendants' negligence, it alleges: "The injuries and resulting damages sustained by the plaintiff were the direct result of The [Bradleys'] violation of Connecticut General Statutes § 30-86."

The defendants have moved to strike the second count on the ground that there is no private civil cause of action for a violation of § 30-86.

## II

## DISCUSSION OF THE LAW AND RULING

The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 10-39; *Ferryman* v. *Groton*, 212 Conn. 138, 142, 561 A.2d 432 (1989); *Mingachos* v. *CBS, Inc.*, 196 Conn. 91, 108, 491 A.2d 368 (1985). In deciding a motion to strike the trial court must consider as true the factual allegations but not the legal conclusions set forth in the complaint. *Liljedahl Bros., Inc.* v. *Grigsby*, 215 Conn. 345, 348, 576 A.2d 149 (1990); *Blancato* v. *Feldspar Corp.*, 203 Conn. 34, 36, 522 A.2d 1235 (1987).

The court should view the facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them. *Dennison* v. *Klotz*, 12 Conn. App. 570, 577, 532 A.2d 1311 (1987), cert. denied, 206 Conn. 803, 535 A.2d 1317 (1988). In ruling on a motion to strike, the court must take as admitted all well pleaded facts, and those necessarily implied thereby, and construe them

in the manner most favorable to the pleader. *Norwich* v. *Silverberg*, 200 Conn. 367, 370, 511 A.2d 336 (1986).

"It is incumbent on a plaintiff to allege some recognizable cause of action" in the complaint, and it is not the burden of the defendant to attempt to correct the deficiency. *Brill* v. *Ulrey*, 159 Conn. 371, 374, 269 A.2d 262 (1970). A motion to strike is an appropriate means of presenting to the court legal issues at the onset of litigation. *Gordon* v. *Bridgeport Housing Authority*, 208 Conn. 161, 170, 544 A.2d 1185 (1988). "Whenever a party wishes to contest . . . the legal sufficiency of any such complaint . . . or any count thereof, because of the absence of any necessary party . . . that party may do so by filing a motion to strike the contested pleading or part thereof." *George* v. *St. Ann's Church*, 182 Conn. 322, 325, 438 A.2d 97 (1980).

Section 30-86 (b) (1) provides: "Any permittee or any servant or agent of a permittee who sells or delivers alcoholic liquor to any minor or any intoxicated person, or to any habitual drunkard, knowing the person to be such an habitual drunkard, shall be subject to the penalties of section 30-113."

Section 30-86 (b) (2) provides in relevant part: "Any person who . . . delivers or gives alcoholic liquor to a minor . . . except on the order of a practicing physician, shall be fined not more than one thousand five hundred dollars or imprisoned not more than eighteen months, or both."

The defendants argue that § 30-86 is a criminal statute and that there is no private right of action under this statute. The court agrees with the defendants.

The plaintiff has not cited any appellate authority that § 30-86 creates a separate cause of action. Indeed, in one case relied upon by the plaintiff, *Ely* v. *Murphy*, 207 Conn. 88, 97, 540 A.2d 54 (1988), our Supreme Court

stated: "This is not to say, however, that the social host or other purveyor of alcohol is absolutely liable to the minor served or innocent third parties thereafter injured. Rather, the matter of proximate cause of the injury and ensuing damage becomes one of fact to be determined in each instance by the court or jury as the parties elect." In *Bohan* v. *Last*, 236 Conn. 670, 680, 674 A.2d 839 (1996), also relied upon by the plaintiff, the court stated: "We recognize that in *Ely* v. *Murphy*, supra, 207 Conn. 93, we relied on statutory embodiments of public policy that impose criminal liability without regard to scienter. General Statutes § 30-86, for example, subjects '[a]ny person who delivers or gives [alcoholic] liquors' to a minor to a fine of 'not more than one thousand five hundred dollars or [imprisonment of] not more than eighteen months, or both.' We nonetheless hold that it is appropriate to limit the common law liability of purveyors of alcohol to those who knew or had reason to know that they were making alcohol available to a minor."

Neither *Ely* nor *Bohan* contained a cause of action based on § 30-86. They contained causes of action for common-law negligence.

In his memorandum the plaintiff states that the defendants have misconstrued the second count of the complaint, which, according to the plaintiff, states a cause of action for negligence per se. A violation of § 30-86 can certainly constitute negligence per se. The second count, however, does not allege negligence per se based on a violation of § 30-86. It alleges that the defendants are liable because they violated § 30-86.

The plaintiff fails to appreciate that a criminal violation of § 30-86 and civil liability based on such a violation are two very different claims. As *Ely* and *Bohan* point out, a person can incur criminal liability without knowledge of the age of the person to whom alcohol is served *and* without any requirement that the service

of alcohol caused damage to anyone. Civil liability, however, requires proof of both knowledge and damage.

## III

## CONCLUSION

The second count of the plaintiff's complaint and its corresponding prayer for relief are hereby ordered stricken.