******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MARILYN WOODEN, EXECUTOR (ESTATE
OF LONNIE THOMAS, SR.) *v.*
DINANYELLY E. PEREZ
(AC 44301)

Bright, C. J., and Prescott and Alexander, Js.

*Syllabus*

The plaintiff, the executor of the estate of the decedent T, sought a right
to title by adverse possession of a strip of the defendant's property
located adjacent to certain real property that T owned at the time of
his death. A was thereafter substituted as the plaintiff after he was
appointed the successor administrator of T's estate. The trial court
subsequently granted the defendant's motion to dismiss the action and
rendered judgment thereon on the basis that A lacked standing to pursue
an action on behalf of the estate, because the estate had no interest in
T's property. On A's appeal to this court, *held* that the trial court correctly
determined that A lacked standing because T devised the property to
a trust for the benefit of his children, and, therefore, only the trustees
of that trust, and not the executor or administrator of T's estate, had
standing to prosecute the action: it was the owner of the property that
stood to benefit from a resolution of the action, and, thus, that had the
necessary personal stake in the outcome of the controversy, it was
undisputed that T devised the property to a trust, and, accordingly, on
T's death, title to that property immediately passed to that trust; more-
over, A's attempt to assert standing on a theory of statutory aggrievement
arising out of language in the applicable statute (§ 45a-321) was likewise
unavailing, because there was no allegation that the property was needed
to satisfy the debts of the estate, and, therefore, A failed to allege the
necessary factual predicate to demonstrate that he was the proper party
to invoke judicial resolution of any adverse possession claim.

Argued October 20, 2021—officially released January 25, 2022

*Procedural History*

Action seeking to quiet title to certain real property,
and for other relief, brought to the Superior Court in
the judicial district of Ansonia-Milford, where the defen-
dant filed a counterclaim; thereafter, the defendant filed
a third-party complaint against First American Title
Insurance Company; subsequently, the court granted
the plaintiff's motion to substitute Anthony E. Monelli,
administrator of the estate of Lonnie Thomas, Sr., as
the plaintiff; thereafter, the court, *Pierson, J.*, granted
the defendant's motion to dismiss and rendered judg-
ment thereon, from which the substitute plaintiff appealed
to this court. *Affirmed.*

*Steven P. Kulas*, for the appellant (substitute plain-
tiff).

*Ian Cole*, for the appellee (defendant).

*Opinion*

PER CURIAM. In this adverse possession action, the substitute plaintiff, Anthony E. Monelli, as administrator of the estate of the decedent, Lonnie Thomas, Sr., appeals from the judgment of the trial court granting the motion to dismiss filed by the defendant, Dinanyelly E. Perez, on the ground that the substitute plaintiff lacked standing to maintain the action.[1] The substitute plaintiff claims that the court incorrectly determined that he lacked standing to pursue the adverse possession claim because the decedent had devised the property at issue to a trust for the benefit of his children and, therefore, only the trustees of that testamentary trust, and not the executor or administrator of the decedent's estate, had standing to prosecute the present action. We disagree with the substitute plaintiff and, accordingly, affirm the judgment of the court.

The record reveals the following relevant procedural history and undisputed facts. In the underlying action, the substitute plaintiff claimed, on behalf of the decedent's estate, a right to title by adverse possession of a strip of the defendant's property that was adjacent to property at 116 North Prospect Street Extension in Ansonia, which the decedent had owned at the time of his death in 1989. According to the complaint, the decedent and his successors in interest had used that portion of the defendant's property as a driveway and for other purposes for more than fifteen years. The decedent died testate, and his will, which was admitted to probate, provided in relevant part: "As to my property known as 116 North Prospect Street Extension, Ansonia, Connecticut, the family homestead, I hereby devise and bequeath to Larry Thomas and Marilyn Wooden, in trust for all my following [named] children . . . share and share alike. That said Trustees shall maintain said family homestead until, in their judgment, they determine it can be liquidated or purchased by one or more of my children." (Emphasis omitted.)

On March 11, 2020, the defendant filed a motion to dismiss the adverse possession action, asserting that the substitute plaintiff lacked standing to pursue such an action on behalf of the estate with respect to the 116 North Prospect Street Extension property because the estate has no interest in that property due to the express devise in the decedent's will, which passed legal title to the property to Marilyn Wooden and Larry Thomas as cotrustees of a trust benefiting the decedent's children. The substitute plaintiff filed a memorandum of law in opposition to the motion to dismiss. Although he did not dispute any of the relevant factual allegations in the defendant's motion to dismiss, he asserted by way of legal argument that, until the estate finally was administered, the estate continued to have an interest in the property, and, therefore, he, in his capacity as administrator of the estate, had standing to

pursue the adverse possession claim. The defendant filed a reply memorandum responding to the substitute plaintiff's objection.

On September 18, 2020, the court, *Pierson, J.*, issued an order granting the motion to dismiss. The court held that the substitute plaintiff was the substituted executor of the decedent's estate, not a trustee of the testamentary trust that owns the subject property. Moreover, the court stated that "the [substitute] plaintiff has not demonstrated, and the court does not find, that he has a direct and personal interest in the subject property or the claims asserted in this action." The court concluded that the principal case relied on by the substitute plaintiff in support of his position that he had standing, *O'Connor* v. *Chiascione*, 130 Conn. 304, 33 A.2d 336 (1943), was readily distinguishable because "that case does not involve a testamentary trust, nor does it stand for the proposition that an administrator or executor has standing to pursue a legal action affecting land owned or claimed by a testamentary trust. Moreover, and as correctly pointed out by the defendant, [although] General Statutes § 45a-321 (a) provides that the fiduciary of an estate 'shall, *during settlement*, have the possession, care and control of the decedent's [real] property', it also contains the relevant qualification, '*unless such real property has been specifically devised* . . . .' " (Emphasis altered.) In light of that qualifying language, and because the 116 North Prospect Street Extension property was specifically devised in the decedent's will to a trust, the court concluded that the substitute plaintiff's reliance on § 45a-321 was misplaced and that he had demonstrated no other interest in the property as executor that was sufficient to confer standing. This appeal followed.

"The issue of standing implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. Practice Book § 10-31 (a). [I]t is the burden of the party who seeks the exercise of jurisdiction in his favor . . . clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute. . . . Because a determination regarding the trial court's subject matter jurisdiction raises a question of law, our review is plenary." (Internal quotation marks omitted.) *McWeeny* v. *Hartford*, 287 Conn. 56, 63–64, 946 A.2d 862 (2008); see also *Johnson* v. *Rell*, 119 Conn. App. 730, 734, 990 A.2d 354 (2010) ("[i]n an appeal from the granting of a motion to dismiss on the ground of subject matter jurisdiction, this court's review is plenary" (internal quotation marks omitted)).

Our Supreme Court repeatedly has stated "that [s]tanding is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that

judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . . . These two objectives are ordinarily held to have been met when a complainant makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity. Such a personal stake in the outcome of the controversy . . . provides the requisite assurance of concrete adverseness and diligent advocacy. . . .

"Two broad yet distinct categories of aggrievement exist, classical and statutory. . . . Classical aggrievement requires a two part showing. First, a party must demonstrate a specific, personal and legal interest in the subject matter of the [controversy], as opposed to a general interest that all members of the community share. . . . Second, the party must also show that the [alleged conduct] has specially and injuriously affected that specific personal or legal interest. . . .

"Statutory aggrievement [however] exists by legislative fiat, not by judicial analysis of the particular facts of the case. In other words, in cases of statutory aggrievement, particular legislation grants standing to those who claim injury to an interest protected by that legislation." (Internal quotation marks omitted.) *McWeeny* v. *Hartford*, supra, 287 Conn. 64–65.

On the basis of our review of the record and briefs, and consideration of the parties' legal arguments, we conclude that the substitute plaintiff lacks standing to pursue the adverse possession action and, therefore, the court properly granted the motion to dismiss. The present action was brought on a theory of adverse possession and sought essentially to quiet title to a strip of land adjacent to 116 North Prospect Street Extension. Accordingly, it is the owner of the 116 North Prospect Street Extension property that stands to benefit from a favorable resolution of the action and, thus, has the necessary personal stake in the outcome of the controversy to confer standing under a theory of classical aggrievement. It is undisputed in the record that the decedent devised all of his title in 116 North Prospect Street Extension to a testamentary trust with Marilyn Wooden and Larry Thomas named as cotrustees. Thus, upon the decedent's death in 1989, legal title to 116 North Prospect Street Extension immediately passed to that trust. See *Zanoni* v. *Lynch*, 79 Conn. App. 309, 321, 830 A.2d 304 (explaining that fiduciary of decedent's estate possesses only limited statutory right regarding property devised in will, legal title to which vests in devisees upon death of testator), cert. denied, 266 Conn. 929, 837 A.2d 804 (2003). Accordingly, the trust, not the estate, was the owner of the property and the party with the specific legal interest in any adverse possession claim benefitting the property.

As stated by the court, the substitute plaintiff's attempt to assert standing on a theory of statutory

aggrievement arising out of language in § 45a-321 likewise is entirely unavailing. Section 45a-321, by its express terms, has limited applicability with respect to real property that has been specifically devised. Further, the substitute plaintiff's reliance on the statute's "possession, care and control" language is misplaced. In *Brill* v. *Ulrey*, 159 Conn. 371, 377, 269 A.2d 262 (1970), our Supreme Court held that an executor of an estate lacked standing to institute and to maintain an action to quiet title to real estate if the complaint contained no allegation that the property at issue was needed to satisfy claims of the estate. The court explained that, in *O'Connor* v. *Chiascione*, supra, 130 Conn. 306–308, it had described the interest that an executor or administrator of an estate had in real estate that was owned by a decedent at the time of his death as follows: "On the death of an owner, title to real estate at once passes to his heirs, subject to being defeated should it be necessary for the administration of the estate that it be sold by order of the court, and subject to the right of the administrator to have possession, care and control of it during the settlement of the estate, unless the [P]robate [C]ourt shall otherwise order. . . . The administrator does not have title to the real estate [and] his rights in it cease at the settlement of the estate . . . ." (Internal quotation marks omitted.) *Brill* v. *Ulrey*, supra, 159 Conn. 375. The court in *Brill* continued: "The *O'Connor* decision makes it clear that the power of 'possession, care and control' granted to an executor under General Statutes § 45-252 [now § 45a-321] over real estate during the settlement of an estate is given *only to protect the rights of creditors*. . . . The executor's power is in derogation of the rights of the heirs, and since it is so limited in purpose, it is properly exercised only when the exigencies of the estate so require. [If] . . . no allegation is made that the property is needed to meet claims against the estate, *there can be no occasion to permit the exercise of the executor's power*." (Citation omitted; emphasis added.) Id., 375–76; see also *Zanoni* v. *Lynch*, supra, 79 Conn. App. 321 ("the fiduciary of a decedent's estate possesses a limited statutory right to interfere with the passage of title to a devisee").

In the present case, in addition to the fact that the estate has no legal title as a consequence of the specific devise of the subject property to the trust, the complaint contains no allegations that the 116 North Prospect Street Extension property is needed to satisfy the debts of the estate. Any claim of adverse possession to the adjacent property, therefore, should have been brought by the trustees. Because the substitute plaintiff, as the administrator of the estate, failed to allege in the pleadings the necessary factual predicate to demonstrate that he is the proper party to invoke judicial resolution of any adverse possession claim pertaining to 116 North Prospect Street Extension, the court properly granted the defendant's motion to dismiss on the ground that

the substitute plaintiff lacked standing.

The judgment is affirmed.

[1] The underlying action originally was commenced by Marilyn Wooden solely in her capacity as the purported executor of the decedent's estate. The trial court later granted Wooden's motion to substitute Monelli as the plaintiff after the Probate Court appointed him as the successor administrator of the estate.

We note that Perez filed a third-party complaint against her title insurance company, First American Title Insurance Company. The third-party defendant, however, did not participate in the present appeal, and all references to the defendant in this opinion are to Perez only.

———————————————